Hazel L. AMLIN et al., Appellants,

v.

TEXAS EMPLOYMENT COMMISSION et al., Appellees.

No. 15656.

Court of Civil Appeals of Texas.

Dallas.

Jan. 29, 1960.

Rehearing Denied Feb. 19, 1960.

Mullinax, Wells & Morris, Charles J. Morris and Albert Levy, Dallas, for appellants.

Will Wilson, Atty. Gen., and C. K. Richards, Asst. Atty. Gen., for appellees.

DIXON, Chief Justice.

This is another companion case to the case of Huey v. Texas Employment Commission, 332 S.W.2d 366.

In this case Hazel Amlin and others have appealed from a District Court judgment affirming a decision by Texas Employment Commission denying them unemployment compensation during the period June 4, 1956, to June 17, 1956. During this period the manufacturing plant of Big Smith Manufacturing Company of Bonham, Texas, was closed while employees eligible to receive vacation pay took their vacations. Appellants were not eligible to receive vacation pay during the plant shutdown. No work was available for them at Big Smith Manufacturing Company.

A collective bargaining contract had been entered into between Big Smith Manufacturing Company and Amalgamated Clothing Workers of America of which appellants were members.

Pertinent parts of this collective bargaining contract are as follows:

"The company shall grant a vacation of one week to those employees of the company, subject to the terms of this agreement, who on June 1 of such year, are and shall have been continuously on the company payroll for one year or more, and less than five years; and shall, likewise, each year, during the term of this agreement, grant a vacation of two weeks to all employees of the company, subject to the terms of this agreement, who, on June 1 of such year, are and shall have been continuously on the company payroll for one year or more, and less than five years; and shall, likewise, each year, during the term of this agreement, grant à vacation of two weeks to all employees of the company, subject to the terms of this agreement, who, on June 1 of such year, are and shall have been continuously on the company payroll for five years or more. * * * *"Employees who have·been regularly on the company payroll for less than twelve months prior to June 1 of each year, shall not be entitled to any vacation benefits provided by this agreement. * * * (Emphasis ours).

"All employees entitled to a vacation under the provisions of this agreement shall be required to take their vacations. at the time allotted therefor. During

the period provided by the company for vacations, no work shall be available to production employees whether such employees be entitled to a vacation or not."

The parties entered into a written stipulation of facts. We quote part of the stipulations:

"At no time did any of the plaintiffs request or authorize the union to agree that they or any of them or any employee similarly situated was to receive a vacation without pay, whether for a period of one week, two weeks or any other period of time, * * * "Neither management nor the union objected to employees who received no vacation pay seeking and obtaining other employment during the shutdown when other employees were on vacation and receiving vacation pay, * * *

"The vacation provisions quoted in paragraph 7 hereinabove are identical with the vacation provisions contained in the collective bargaining contracts covering all of the other Big Smith plants, located in Neosho, Carthage, Lamar, Webb City and St. Joseph in the State of Missouri. The ownership and control of these five Big Smith plants are substantially the same as the ownership and control of the Bonham plant, although the latter is a separate Texas corporation. Since the Bonham plant opened in 1953, union-management collective bargaining has been conducted on a systemwide basis for all six plants, including the Bonham plant, together. The contracts are identical for all these plants, except for the absence of union security provisions in the Bonham contract in conformance with Texas law. *Employees in the Big Smith plants in Missouri, who were similarly situated as the complainants herein regarding layoff during vacation shut-down periods, have received unemployment compensation under the applicable Missouri employment compensation law, which fact was known to both union and management representatives when the contract of August 24, 1953, referred to in paragraph 7 hereinabove, was agreed upon.*" (Emphasis ours).

Appellees contend that the differences in the facts of this case and the Huey case are of such a nature as to require a different decision here.

We are unable to agree with appellees. We are of the opinion that under the undisputed facts shown in this record, it cannot correctly be said that these appellants during the period in question left their work voluntarily without good cause connected with their work. Consequently we hold that they are not disqualified under Art. 5221b–3(a), Vernon's Ann.Civ.St. from receiving unemployment compensation during the plant shutdown.

Of course to be eligible for unemployment compensation appellants must qualify under the terms of eligibility as set out in other sections of Art. 5221b–V.A.C.S.

Appellants points on appeal are sustained.

The judgment of the trial court is reversed and judgment is here rendered directing Texas Employment Commission to grant appellants' claims provided appellants meet the requirements for unemployment as set out in other sections of Art. 5221b–V.A.C.S.

Reversed and rendered.