TEXAS EMPLOYMENT COMMISSION V. HAZEL L. AMLIN ET AL.

No. A-7787. Decided February 1, 1961.
Rehearing Overruled March 8, 1961.
(343 S.W. 2d Series 249)

*Will Wilson*, Attorney General, *C. K. Richards*, Assistant Attorney General, for petitioner.

*Mullinax, Wells, Morris & Mauzy, Charles J. Morris* and *Albert Levy*, of Dallas, for respondents.

MR. JUSTICE GREENHILL delivered the opinion of the Court.

This is a companion case to the Huey and Hansen cases against the Texas Employment Commission, decided this day. [Texas Employment Commission v. Huey, 161 Texas 500, 342 S.W. 2d 544; Texas Employment Commission v. Hansen, 161 Texas 511, 342 S.W. 2d 551.] The contract between the union and the employer, the Big Smith Manufacturing Company, is different in some respects from the contracts in the Huey and Hansen cases. But as in those cases, the question is whether the union agreement disqualifies the claimants from benefits under the Texas Unemployment Compensation Act.

The plant here in question, which manufactured wearing apparel, was closed down for a two-week period. Management had agreed with the union that those employees who had been with the plant five years would be granted two weeks of vacation with pay. Those employees who had been there from one to five years would receive one week's pay during the shutdown. Those with less than a year of seniority received no pay. They were ready,

able and willing to work during this period. And as in the previous cases, neither the employer nor the union objected to their obtaining employment during the layoff. During the periods for which the respective claimants sought compensation, no work was available at the plant and they received no compensation therefrom. Those who received no pay and for whom no work was available applied for employment. Upon finding none, they applied for unemployment benefits.

The Commission and the trial court denied benefits to all claimants. The Court of Civil Appeals reversed those holdings and rendered judgment for all the claimants, holding that they had not left their work voluntarily without good cause connected with their work. 332 S.W. 2d 375. We here affirm the judgment of the Court of Civil Appeals.

As in the Huey and Hansen cases, it was stipulated that at no time did any of the claimants request or authorize the union to agree that any of them be given a vacation without pay, whether for one or two weeks or any other period of time; and the union did not do so "except to the extent, if any, that they were bound by the contracts between the union and the employer of which all employees had notice." It is further stiuplated that all of the claimants herein were members of the Amalgamated Clothing Workers of America Local Union 665, although such membership was not compulsory, and all of the claimants were covered by the terms of the contract.

The contract provided in part:

"The company shall grant a vacation of one week to those employees of the company * * * who on June 1 of such year, are and shall have been continuously on the company payroll for one year or more and less than five years * * *; and shall likewise * * * grant a vacation of two weeks to all employees * * * who * * * are and shall have been continuously on the company payroll for 5 years or more."

The main portions of the agreement here which are different from those in the Huey and Hansen cases are:

"Employees who have been regularly on the payroll for less than 12 months * * * shall not be entitled to any vacation benefits provided by this agreement.

"All employees entitled to a vacation under the provisions

of this agreement shall be required to take their vacations at the time allotted therefor. During the period provided by the Company for vacations, no work shall be available to production employees whether such employees be entitled to a vacation or not."

As in the Hansen case, we believe the facts are close enough to those in the Huey case to be controlled by it. While, as noted above, there are some differences in the agreement, we do not regard them as being strong enough to remove this case from the Huey decision.

We recognize that there are cases from other jurisdictions, set out in the Huey opinion, which have denied recovery under facts which are similar to those present here. But we prefer to follow the holding of the Connecticut Supreme Court, whose state has a statute very much like ours[1] and the reasoning of the Supreme Court of New Jersey.[2]

More particularly, we do not believe that Mrs. Amlin et al. left their employment "voluntarily *without good cause connected with his* [their] *employment,*" so as to be disqualified under our statute.

As in the Huey and Hansen cases, it is unnecessary for us to decide whether the union agreement constituted an agreement to waive any benefits or rights under the Unemployment Compensation Act, which agreements are condemned as invalid by the Act. Article 5221b-12(a), V.A.C.S.

The judgment of the Court of Civil Appeals is affirmed.

Associate Justice Steakley not sitting.

Opinion delivered February 1, 1961.

Rehearing overruled March 8, 1961.

---

1.—Schettino v. Administrator, Unemployment Comp. Act. (1951), 83 A. 2d 217. The Connecticut statute disqualifies a claimant who has left his work "without sufficient cause connected with his employment."

2.—Teicher v. Curtiss-Wright Corp. (1957), 133 A 2d 320; Watson v. U.S. Rubber Co. (1957), 133 A. 2d 328.