**TEXAS EMPLOYMENT COMMISSION
et al., Appellants,**

**v.**

**GULF STATES UTILITIES COMPANY,**

**Appellee.**

**No. 4149.**

Court of Civil Appeals of Texas.

Eastland.

Dec. 9, 1966.

Rehearing Denied Jan. 13, 1967.

———◆———

Waggoner Carr, Atty. Gen., Sam Lane, Asst. Atty. Gen., Austin, Sam Houston Clinton, Jr., Austin, for appellants.

Orgain, Bell & Tucker, Beaumont, for appellee.

GRISSOM, Chief Justice.

This is a suit by Gulf States Utilities Company against the Texas Employment Commission and Mrs. Marjorie C. Gilchriest seeking to set aside the decision of the Texas Employment Commission that Mrs. Gilchriest was not disqualified from receiving benefits under the Unemployment Compensation Act. In a trial to the court, the relief prayed for by the utility company was granted, the decision of the Commission was set aside and it was directed to enter an order that Mrs. Gilchriest was disqualified to receive benefits and that benefit wages not be charged back to her employer's account. The Texas Employment Commission and Mrs. Gilchriest have appealed.

Appellants' points are, in effect, that there is no evidence to support the court's finding (11) that Mrs. Gilchriest left her employment voluntarily; that said finding is so against the overwhelming weight and preponderance of the evidence as to be clearly wrong and unjust and the holding that she was disqualified to obtain unemployment benefits was, as a matter of law, erroneous because separation from her employment was not voluntary. Appellants' fourth point is that, even if Mrs. Gilchriest's separation from her employment should be held voluntary, because of an agreement made long before her separation to resign upon reaching the fifth month of pregnancy, the provisions of Article 5221b–13(a) prohibit such agreement and the court erred in giving effect thereto. Appellants' fifth point is that the court erred in its conclusion of law (2) that the findings of the Texas Employment Commission were not supported by substantial evidence.

■■■ We sustain all of appellants' points of error. We stress our conclusion that the findings of the trial court that Mrs. Gilchriest left her employment voluntarily is so against the overwhelming weight and preponderance of the evidence as to be clearly wrong and unjust and that the holding of the court that said finding of the Commission was not supported by substantial evidence is clearly wrong. The Unemployment Compensation Act was passed for the purpose of relieving the economic plight of people who, in the language of Article 5221b–2, were able and available for work and not disqualified to receive its benefits, unless they left their last work voluntarily without good cause connected with their work, within the meaning of Article 5221b–3. We think the evidence shows conclusively that Mrs. Gilchriest did not leave her work voluntarily without good cause connected with her work. In any event the trial court's holding to the contrary is contrary to the overwhelming weight and preponderance of the evidence. Briefly stated, the substance of the testimony relative to the controlling question of disqualification is that Mrs. Gilchriest was employed by Gulf States Utilities Company while she was still single; that she continued to work for them after she married; that before her marriage she learned from senior employees that there was a rule or policy of her employer that an employee was required to quit work at

the fifth month of pregnancy; that when her pregnant condition was verified by a doctor she immediately reported it to her superior; that they concluded that her fifth month of pregnancy would be reached on October 30, 1959; that, believing that she had to quit because of such company rule, she quit on October 30th, and signed a statement to the effect that she was quitting voluntarily; that in fact she did not want to quit; that she was not financially able to quit work; that she was able and available for the work she was doing, which was done sitting down and using her hands; that her doctor agreed with her belief that she was able to work and not more prone to accident because of her condition and that she left the company only because of her belief that she had to do so because of said policy of her employer.

The outstanding authority in Texas for interpretation of the Unemployment Compensation Act is Texas Employment Commission v. Huey, 161 Tex. 500, 342 S.W. 2d 544, 545. There the Commission and the trial court denied employees the benefits of said Act because they had agreed, through their unions, to a certain vacation period without pay which coincided with the employer's shutting down the plant and were therefore disqualified from receiving benefits while the employer had its plant substantially shut down and they were unemployed and unpaid. The employees had not been employed long enough to be entitled to a vacation with pay and the company gave such claimants a vacation without pay while it shut down the plant. The Supreme Court said the case was one of statutory construction. The question being, were claimants eligible for benefits, or were they disqualified because of said agreement in the union contract. The Court of Civil Appeals reversed the judgment and held that the claimants were not disqualified because of the union contract to receive benefits under the Act and because they were able and available for work and they had not left their employment voluntarily without good cause con-

nected with their employment. The Supreme Court affirmed that judgment. It held that the shutdown at vacation time was for the benefit of the employer, not the employees. They quoted with approval from 30 A.L.R.2d 366 the conclusion that the more realistic view was that such employees were out of work through no fault of their own and were therefore entitled to benefits under said Act. The court held that under the stated facts the claimants were not disqualified by virtue of said contract between their union and their employer and that they did not leave their employment voluntarily without good cause connected with their work. It pointed out, at page 551, that the Texas disqualification statute was amended in 1943 to add a provision that to be disqualified a person must have left his employment voluntarily without good cause connected with his employment. The court concluded that the Legislature had specifically provided by said amendment that for a person to be disqualified he must have left his employment voluntarily without good cause connected with his work. At the same time our Supreme Court held in Texas Employment Commission v. Hansen, 342 S.W.2d 551, that employees who were laid off without pay during a plant shutdown ordered by the employer did not leave their work voluntarily without good cause connected with their work and therefore they were entitled to unemployment compensation. The same holding was reiterated in Texas Employment Commission v. Amlin, 161 Tex. 606, 343 S.W.2d 249, 251, where our Supreme Court said that it recognized there were other jurisdictions, with similar statutory provisions in which recovery was denied under similar facts but that it preferred to follow the holdings of the Connecticut Supreme Court and the New Jersey Supreme Court in Schettino v. Administrator, 138 Conn. 253, 83 A.2d 217; Teichler v. Curtiss-Wright Corp., 24 N.J. 585, 133 A.2d 320, and Watson v. United States Rubber Company, 24 N.J. 598, 133 A.2d 328.

In accord with the reasoning of the authorities cited and many others, we agree with appellants that there was no evidence to sustain the conclusion that Mrs. Gilchriest was disqualified; that the finding that she was disqualified was so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong and, further, that the court erred in its conclusion that the findings of the Commission under which Mrs. Gilchriest was entitled to recover were not supported by substantial evidence.

The judgment of the trial court is reversed with directions to render judgment for appellants in accord with this decision.