**Paul A. HOFFMAN, Appellant,**

v.

**Bill ELLIOTT, County Judge, Harris County, Texas, Appellee.**

No. 15821.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Nov. 11, 1971.

Rehearing Denied Dec. 2, 1971.

Krist, McConnico & Jones, Dalton L. Jones, Houston, for appellant.

Joe Resweber, County Atty., Gus Drake, Asst. County Atty., Houston, for appellee.

COLEMAN, Justice.

This is an appeal from the action of the trial court in refusing to issue a writ of mandamus to compel the Honorable Bill Elliott, County Judge of Harris County, Texas, to call an election for the incorporation of an area referred to as Clear Lake City. The case was tried to the court without a jury. No findings of fact or conclusions of law were made by the trial court.

The area proposed to be incorporated is within the extraterritorial jurisdiction of the City of Houston, as defined by Art. 970a, Vernon's Ann.Civ.St., unless Ordinance 65–15555BR of said City, annexing territory extending to a point within five miles of the area sought to be incorporated, is found to be void. The City of Houston has not consented to the proposed incorporation as required by Section 8A of Article 970a, V.A.C.S. Deacon v. City of Euless, 405 S.W.2d 59 (Tex.1966); Parks v. Elliott, 465 S.W.2d 434 (Tex.Civ.App.— Houston 14th, 1971, error ref., n. r. e.).

Appellant contends that the annexation ordinance is void and introduced testimony to support his contention that the City failed to publish the Notice of a public hearing on the proposed annexation as required by Art. 970a, V.A.C.S. It is unnecessary to determine whether the Notice was published or whether a failure to publish the Notice rendered the ordinance void, and subject to collateral attack.

Article 974d–13, V.C.S., effective March 13, 1969, validated the boundary lines of all cities and towns theretofore incorporated, both as to the lines set out in the original incorporation proceedings, and "any subsequent extensions thereof." This statute has been held to be constitutional and to have the effect of validating annexation ordinances as of the effective date thereof. City of Arlington v. City of Grand Prairie, 451 S.W.2d 284 (Tex.Civ.App.—Ft. Worth 1970, error ref., n. r. e.); see, Perkins v. State, 367 S.W.2d 140 (Tex.1963).

Art. 974d–13, V.A.C.S., contained this provision:

"Sec. 7. The provisions of this Act shall not apply to any city or town now involved in litigation questioning the legality of the incorporation or extension of boundaries hereby validated if such litigation is ultimately determined against the legality thereof; . . ."

The annexation ordinance in question was finally passed by the City Council and signed by the mayor on November 16, 1965. The first application for an incorporation election for Clear Lake City was presented to the County Judge on March 12, 1969. Thereafter two other petitions were presented each making certain changes in the boundary lines proposed and having different signatures, although some residents signed all three applications. They were presented by the same lawyers and appellant contends that the subsequent applications constitute amendments of the first one. On March 13, 1969, the validating Act became effective.

Appellant contends that by reason of the presentation of the petition for an incorporation election of territory within the claimed extraterritorial jurisdiction of the City of Houston, that city was involved in litigation questioning the legality of the extension of its boundaries within the meaning of Section 7, Art. 974d–13, V.A.C.S., and that, therefore, the boundaries of the City were not validated by that Act.

Whether the County Judge in acting on a petition for an incorporation election performs an administrative or a judicial function, such a proceeding cannot constitute litigation in the absence of adverse parties. In any event the City of Houston was not "involved in litigation" by reason of the filing of the petition. It was not a party to the proceeding then, and is not now a party to this litigation growing out of that application. Davis v. First National Bank of Waco, 139 Tex. 36, 161 S.W.2d 467 (Tex.Com.App.1942).

Since the City of Houston is not a party to the action attacking the validity of the annexation ordinance, and thus would not be bound by any decision rendered therein, the *City* was not "involved in litigation questioning the legality" of the extension of its boundaries by reason of the filing of the petition for an incorporation election within the meaning of Art. 974d–13, Sec. 7. The territory sought to be incorporated as Clear Lake City lies within the extraterritorial jurisdiction of the City of Houston, and as a result if the proposed election were held it would be of no effect. Beyer

v. Templeton, 147 Tex. 94, 212 S.W.2d 134 (1948); Perkins v. Ingalsbe, 162 Tex. 456, 347 S.W.2d 926 (1961).

In the case last cited the court said:

"The language of the statutes as to the actions of the county judge is mandatory. When the county judge is presented with a statutory petition, and proof *satisfactory to him* has been made that the territory sought to be incorporated contains the requisite number of resident, qualified electors, then the county judge has no discretion as to whether or not he will call the election, but he must do so. If the county judge should refuse to call an election under these circumstances, he can be forced to do so by writ of mandamus. This is true whether his power to order the election be called judicial, administrative, or political. Obviously *if the county judge determines* the territory sought to be incorporated is at that time a part of another incorporated city or town, the county judge would have no jurisdiction to order the election . . ." Perkins v. Ingalsbe, supra at pp. 930–931. (emphasis added)

In this case the county judge has not denied the application, neither has he granted it. He has not refused to have a hearing. It has not been shown that "proof satisfactory to him" has been made that the territory sought to be incorporated contains the requisite number of residents. Neither has the county judge been given the opportunity to determine whether the proposed city lines within the extraterritorial jurisdiction of other neighboring cities. Petitioner is not seeking to require the judge to have a hearing or to decide whether the election should be held. He sought mandamus to require the judge to call the election. The county judge alone can determine the issues of fact prerequisite to calling the election. The district judge did not err in refusing to issue the writ of mandamus. Texas Employment Commission v. Amlin, 161 Tex. 606, 343 S.W.2d 249 (1961); Wolf v. Young, 277 S.W.2d 744 (Tex.Civ.App.—San Antonio 1955, error ref., n. r. e.); Harrison v. Bunnell, 420 S.W.2d 777 (Tex.Civ.App.—Austin 1967); Ellis v. State, 383 S.W.2d 635 (Tex.Civ.App.—Dallas 1964); City of El Paso v. Tuck, 282 S.W.2d 764 (Tex. Civ.App.—El Paso 1955, error ref., n. r. e.).

The judgment is affirmed.