**Kyle L. TURKNETT et ux., et al., Appellants,**

v.

**D. M. BANDY et al., Appellees.**

**No. 12513.**

Court of Civil Appeals of Texas, Austin.

March 16, 1977.

Rehearing Denied April 6, 1977.

Tim M. Trickey, Kammerman, Yeakel & Trickey, Austin, for appellants.

Barney L. Knight, City Atty., Temple, for appellees.

PHILLIPS, Chief Justice.

On March 18, 1976, The Board of Commissioners of the City of Temple, Texas, the governing body of the City of Temple, a home-rule municipal corporation, passed an ordinance and annexed a tract of land therein described. On March 19, 1976, appellants filed a lawsuit asking for a declaratory judgment that the ordinance was invalid and void.

The trial court granted appellees' motion for summary judgment. We affirm.

The gist of appellants' pleadings is that the City's governing body failed to follow the provisions [1] of the City Charter of Temple which requires that no ordinance, unless it be declared an emergency measure, shall be passed finally on the date it is introduced, but must be passed, read and voted upon at three regular meetings of the Board. In addition, appellants contend that in passing the annexation ordinance, there was a failure to precede the institution of annexation proceedings by a public hearing as required by Article 970a § 6, Texas Civil Statutes; and that there was a failure to limit the annexation to 30 percent of the area of the City as further required by Art. 970a § 7 C.

Appellants have brought a collateral attack against the ordinance as distinguished from a direct attack brought in *quo warranto*.

■ We have concluded that the district court correctly entered summary judgment for the reason that appellants had no standing to sue. In *City of West Lake Hills v. State ex rel. City of Austin,* 466 S.W.2d 722 (Tex.1971), the Court stated that it is well established that private parties who are directly affected may collaterally attack a void incorporation or annexation; however, even if the municipal act is void, the private party must suffer some burden peculiar to himself to acquire standing to sue. Other-

---

1. Article IV, Sec. 52, City Charter of the City of Temple, Texas.

wise, no action lies by the individual to restrain an interference with the public interest. Also see: *Hoffman v. Elliott,* 473 S.W.2d 675 (Tex.Civ.App.1971, writ ref. n. r. e.), and the per curiam opinion of the Supreme Court with respect thereto reported in 476 S.W.2d 845 (Tex.1972).

 Appellants contend that by the terms of the ordinance, such burden is shown as the ordinance provides that the area annexed "shall bear its pro rata part of the taxes levied by the City of Temple . . . ."

This argument is not persuasive. In *West Lake Hills* the Court held that the most common special burden alluded to by the rule is the *imposition* of tax. The imposition of taxes is constituted of the provisions of law which determine the persons or property to be taxed, the sums to be raised, the rate, and the time and manner of levying, receiving and collecting the taxes. The imposition of a tax conclusively establishes the sum to be paid by each person taxed or to be borne by property specially assessed, and creates a fixed and certain demand in favor of the State or a subordinate governmental agency, and a definite obligation on the part of those taxed, and prescribes the manner of its voluntary or enforced fulfillment. *Mayor and Council of the City of Baltimore v. Perrin,* 178 Md. 101, 12 A.2d 261 (1940). There had been no imposition of tax in the case at bar.

Because appellants had not acquired standing to sue, the trial court correctly entered summary judgment. *Franks v. Welch,* 389 S.W.2d 142 (Tex.Civ.App.1965, writ ref. n. r. e.).

The judgment of the trial court is affirmed.

Affirmed.