Ralph SMITH and Jocelyn Smith, Appellants,

v.

The CITY OF BROWNWOOD, Texas, Appellee.

No. 11–04–00071–CV.

Court of Appeals of Texas, Eastland.

March 10, 2005.

William W. Bell, Brownwood, for appellants.

William P. Chesser, City Atty., Brownwood, for appellee.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and McCALL, J.

## Opinion

TERRY McCALL, Justice.

This is a case of first impression involving the right to sue for disannexation when a municipality has failed or refused to provide services (such as water service and solid waste collection) after annexing an area. TEX. LOC. GOV'T CODE ANN. § 43.141 (Vernon Supp.2004–2005) provides that "[a] majority of the qualified voters of an annexed area may petition the governing body of the municipality to disannex the area" if the municipality has failed to provide the services to the area. The trial court held that appellants Ralph Smith and Jocelyn Smith did not have standing to sue for disannexation under Section 43.141 because (1) Section 43.141 requires that a valid petition seeking disannexation must first be filed with the municipality before a suit can be filed in the district court, (2) Section 43.141(a) defines a valid petition to be one that is filed by a majority of the qualified voters of the entire area previously annexed, and (3) the Smiths did not file a valid petition because they represented only 13 of the previously annexed area of 153 acres. We affirm.

### Background Facts

On April 11, 1995, the City of Brownwood passed Ordinance Number 95–09 annexing approximately 153 acres into the City. As required by former TEX. LOC. GOV'T CODE § 43.056 (1999), in effect at the time, the City had previously prepared and filed a service plan for the annexed area that included providing water and sewer service to the annexed area.

The Smiths purchased 13 of the 153 acres after the annexation. At various times after their purchase, the Smiths inquired as to the availability of water and sewer service to their property. They claim that they spoke with James Galloway and Ken Johnson, City employees, who told them that there were no plans to run those services to the Smiths' 13 acres. Pursuant to Section 43.141, the Smiths filed a petition for disannexation with the City for their specific 13 acres. The Smiths appeared before the city council and requested the disannexation of their 13 acres. The City declined their request.

The Smiths then filed this suit for disannexation with the trial court below. The City filed a plea to the jurisdiction, contending (1) that the Smiths did not constitute a majority of the qualified voters of the previously annexed area of 153 acres as required by the Local Government Code Section 43.141(a) for the petition to the municipality and (2) that, therefore, the trial court was not vested with proper jurisdiction under Section 43.141(b).

The trial court held that the Smiths did not have standing to sue for disannexation under Section 43.141 because they had not first filed a valid petition for disannexation with the City prior to bringing this suit.

### Standard of Review

Statutory construction is a matter of law; therefore, the proper standard of review is de novo. *Johnson v. City of Fort Worth*, 774 S.W.2d 653, 656 (Tex.1989).

The fundamental and dominant rule controlling the construction of a statute is to ascertain, if possible, the intention of the legislature expressed by the statute. *Liberty Mutual Insurance Company v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex.1998); *Calvert v. British–American Oil Producing Company*, 397 S.W.2d 839, 842 (Tex.1965); *White v. Eastland County*, 12 S.W.3d 97, 101 (Tex.App.-Eastland 1999, no pet'n). Legislative intent should be ascertained from the entire act, not from isolated portions of the act, any one phrase, clause, or sentence. *Cities of Austin, Dallas, Ft. Worth, and*

*Hereford v. Southwestern Bell Telephone Company,* 92 S.W.3d 434, 442 (Tex.2002); *City of Mason v. West Texas Utilities Co.,* 150 Tex. 18, 237 S.W.2d 273 (1951); *White v. Eastland County, supra* at 101. In construing a statute, courts will not attribute an intent to the legislature that leads to an absurd result if there is a more reasonable construction. *University of Texas Southwestern Medical Center at Dallas v. Loutzenhiser,* 140 S.W.3d 351, 356 (Tex.2004).

### Analysis

■ Before a municipality could annex an area, Section 43.056 required that the municipality prepare and file a service plan for the extension of full municipal services to the area to be annexed. If the municipality failed to provide the services as required by Section 43.056, then Section 43.141 provided a means for qualified voters within the annexed area to have their area disannexed. Although former Section 43.056 and Section 43.141 have been amended since 1995, Section 43.056 still requires a service plan and subsections (a) and (b) of Section 43.141 remain as they were when the City annexed the 153 acres. Section 43.141 provides:

Section 43.141. Disannexation for Failure to Provide Services

(a) A majority of the qualified voters of *an annexed area* may petition the governing body of the municipality to disannex the area if the municipality fails or refuses to provide services or to cause services to be provided to the area within the period specified by Section 43.056 or by the service plan prepared for the area under that section.

(b) If the governing body fails or refuses to disannex the area within 60 days after the date of the receipt of the petition, any one or more of the signers of the petition may bring a cause of action in a district court of the county in which the area is principally located to request that the area be disannexed.... The district court shall enter an order disannexing the area if the court finds that a valid petition was filed with the municipality and that the municipality failed to perform its obligations in accordance with the service plan or failed to perform in good faith. (Emphasis added)

The Smiths base their argument on the second prepositional phrase used as an adjective to modify "voters" in Section 43.141(a). The Smiths argue that "an annexed area" refers to any portion of the annexed area of 153 acres because "an" is an indefinite article. They reason that, if the legislature had intended for the entire annexed area to participate in the process of disannexation, the phrase "of the annexed area" would have been used. Thus, the Smiths contend that Section 43.141 is unambiguous and ask this court to find that the trial court erred in determining that the Smiths do not constitute a majority of qualified voters of "an annexed area."

"An" is an indefinite article, but it is used in Section 43.141 to refer to any one of the many areas that have been annexed by municipalities where the municipality had to comply with Section 43.056. Former Section 43.056(j) used "an" in a similar manner:

A municipality that annexes an area shall provide the area or cause the area to be provided with services in accordance with the service plan for the area.

Other examples of such usage of "an" are found in Chapter 43 of the Texas Local Government Code: TEX. LOC. GOV'T CODE § 43.053 (1993), "annexation of an area must be completed within 90 days" after the governing body institutes the annexation proceedings; TEX. LOC. GOV'T CODE ANN. § 43.057 (Vernon 1999), "[i]f a proposed annexation would cause an area

to be entirely surrounded"; TEX. LOC. GOV'T CODE ANN § 43.121 (Vernon Supp.2004–2005), "the governing body of a home-rule municipality ... may annex an area" for certain limited purposes.

Section 43.141(a) must be read within the context of the entire Chapter 43. The final part of Section 43.141(a) refers back to the entire area that was annexed in accord with the requirements of Section 43.056, just as former Section 43.056(j) used "an" and "the" internally within Section 43.056. The final part of Section 43.141(a) provides:

[I]f the municipality fails or refuses to provide services or to cause services to be provided *to the area* within the period *specified by Section 43.056* or by the service plan prepared *for the area* under that section. (Emphasis added)

The City in this case did not prepare a plan for the 13 acres. The City prepared a plan for the entire 153 acres. The initial reference in Section 43.141(a) to "[a] majority of the qualified voters of an annexed area," when read in the context of the final part of Section 43.141(a), refers to a majority of the qualified voters in the annexed area of 153 acres.

■ The Smiths argue that the trial court's decision has left them without a remedy unless they can convince a majority of the qualified voters in the 153 acres to petition the City for disannexation. They appear to be correct, but their argument demonstrates another reason why the trial court reached the correct decision. The Texas Legislature realized that an individual owner residing within an annexed area had no remedy if he or she could not convince a majority of the qualified voters in the entire annexed area to petition the municipality for disannexation. In 1995, the legislature amended Section 43.056(i) to provide the remedy of a writ of mandamus to an individual living within the entire annexed area:

A person residing in an annexed area may enforce a service plan by applying for a writ of mandamus. If a court issues the writ, the municipality shall pay the person's costs and reasonable attorney's fees in bringing the action. A writ issued under this subsection must provide the municipality the option of disannexing the area within 30 days.

Unfortunately for the Smiths, the effective date of the amendment was June 17, 1995, just a few months after the City annexed the 153 acres. The legislature made the change applicable only to annexations initiated on or after June 17, 1995.[1] Section 43.056(i) was subsequently amended, and the individual's remedy of a writ of mandamus is now found in Section 43.056(l).[2]

The Smiths' interpretation of Section 43.141(a) could lead to an absurd result. The laying of water and sewer lines for an entire annexed area needs to be done in an orderly manner. If an individual owner of a small parcel or a resident could sue for disannexation, the municipality could be subjected to numerous suits the results of which would leave a previously annexed area with numerous gaps of small disannexed parcels.[3] The legislature has avoided those problems by limiting the remedies for a municipality's failure to provide services. A majority of the qualified voters of the entire annexed area may follow

---

1. Section 3, Acts 1995, 74th Leg., ch. 1062.

2. Section 17(d), Acts 1999, 76th Leg., ch. 1167.

3. Based on a similar concern about the results of suits by individuals, the court in *Alex-* *ander Oil Company v. City of Seguin*, 825 S.W.2d 434, 437 (Tex.1991), held that the only proper method for attacking the validity of a city's annexation of territory is by quo warranto proceeding unless the annexation is wholly void. *Id.* at 437.

the disannexation procedure in Section 43.141, or an individual within the annexed area may seek a writ of mandamus under Section 43.056(*l*). Even under Section 43.056(*l*), the municipality is given the choice of complying with the writ of mandamus by providing service to the individual or by disannexing that smaller part of the annexed area.

The more reasonable construction of Section 43.141(a) is that "[a] majority of the qualified voters of an annexed area" means a majority of the qualified voters of the 153 acres that was previously annexed. The 153 acres was "an annexed area." Section 43.141(f) requires that, before the petition is circulated among the voters, those desiring disannexation must give notice of the petition by posting a copy in three public places "in the annexed area" and by publishing a copy in the newspaper. This section would be unnecessary if one person within the entire annexed area could file a petition with the municipality and sue for disannexation. In construing a statute, we read it as a whole and interpret it to give effect to every part. *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex.2003). We presume that the legislature used every word for a particular purpose. *Cities of Austin, Dallas, Ft. Worth, and Hereford v. Southwestern Bell Telephone Company*, *supra* at 442.

It is unfortunate that the legislature did not extend the remedy of a writ of mandamus to individuals residing in areas annexed before June 17, 1995. The Smiths' issue is overruled.

### This Court's Ruling

The judgment of the trial court is affirmed.