COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-05-030-CV
 
  
ORRIC 
FREEMAN AND
CAROLE 
FREEMAN                                                              APPELLANTS
  
V.
  
TOWN 
OF FLOWER
MOUND, 
TEXAS                                                                      APPELLEE
 
  
------------
 
FROM 
THE 362ND DISTRICT COURT OF DENTON COUNTY
 
------------
 
OPINION
 
------------
        This 
case involves the interpretation of section 43.141(a) of the Texas Local 
Government Code. Tex. Loc. Gov’t Code 
Ann. § 43.141(a) (Vernon Supp. 2004-05). In one issue, Orric and Carole 
Freeman contend that the trial court erred in holding that they were not 
permitted to seek disannexation of their property from the Town of Flower Mound 
because they did not seek to disannex the entire area originally annexed by the 
Town and because they were not joined by a majority of voters in the entire 
originally annexed area. We affirm.
Background Facts
        Over 
the property owners’ objection, the Town annexed approximately 5,044 acres of 
land on September 9, 1999. In July 2004, the Freemans filed a petition to 
disannex approximately 1,200 acres within the annexed area (the Affected Area) 
on the ground that the Town had failed to provide services to the Affected Area. 
The Town took no action on the petition, and the Freemans filed suit in 
September 2004. The Town filed an answer and a plea to the jurisdiction, 
contending, among other things, that section 43.141 does not allow for a partial 
disannexation; in other words, a majority of voters of the entire area 
originally annexed must petition for disannexation.  Thus, the Town 
contended that the Freemans did not have standing to maintain a disannexation 
suit.  The trial court granted the Town’s plea to the jurisdiction, 
“based on the finding that partial disannexation is not authorized by 
[section] 43.141.”
Analysis
        The 
question we must answer in this case is one of simple statutory 
construction.  When a statute is clear and unambiguous, we “should give 
the statute its common meaning” and seek the intent of the legislature as 
found in the plain and common meaning of the words and terms used.  St. 
Luke’s Episcopal Hosp. v. Agbor, 952 S.W.2d 503, 505 (Tex. 1997); In re 
K.L.V., 109 S.W.3d 61, 65 (Tex. App.—Fort Worth 2003, pet. denied).  
We do not need to resort to rules of construction or extrinsic aids to construe 
a statute that is clear and unambiguous.  St. Luke’s Episcopal Hosp., 
952 S.W.2d at 505; Cail v. Serv. Motors, Inc., 660 S.W.2d 814, 815 (Tex. 
1983).  We should not adopt a construction that would render a law or 
provision meaningless or absurd.  Centurion Planning Corp. v. Seabrook 
Venture II, No. 01-02-00518-CV, 2004 WL 2823125, at *3 (Tex. App.—Houston 
[1st Dist.] Dec. 9, 2004, no pet.).
         Section 
43.141(a) provides that “[a] majority of the qualified voters of an annexed 
area may petition the governing body of the municipality to disannex the area if 
the municipality fails or refuses to provide services or to cause services to be 
provided to the area within the [statutorily prescribed] period.” Tex. Local Gov’t Code Ann. § 
43.141(a).  Here, the dispute is over the meaning of the phrase “an 
annexed area.”   The Freemans contend that the legislature’s use 
of the article “an” shows an intent “that the area seeking disannexation 
need not be the exact area originally annexed.”  The Town argues that the 
use of the word “an” in the statute “is simply an acknowledgement that, 
over a period of years, a municipality might make a number of separate 
annexations through separate annexation ordinances.”
        The 
Eastland Court of Appeals has recently addressed this issue, holding that 
“[t]he more reasonable construction of Section 43.141(a) is that ‘[a] 
majority of the qualified voters of an annexed area’ means a majority of the 
qualified voters of the [entire area] that was previously annexed.”  Smith 
v. City of Brownwood, 161 S.W.3d 675, 680 (Tex. App.—Eastland 2005, no 
pet.).  In that case, the appellants relied on the same reasoning as the 
Freemans do in this case: that the legislature’s use of the indefinite article 
“an” indicates an intention that landowners in only a part of an originally 
annexed area could sue for disannexation under section 43.141. Id. at 
678.
        In 
its analysis of the statutory provision, the Eastland court noted that the term 
“an annexed area” must be read in context with the last part of the sentence 
in section 43.141(a), which states that the disannexation remedy is available 
“if the municipality fails or refuses to provide services or to cause services 
to be provided to the area within the period specified by Section 43.056 
or by the service plan prepared for the area under that section.”  
Tex. Local Gov’t Code Ann. § 
43.141(a) (emphasis added); Smith, 161 S.W.3d at 679.  The court 
noted that the service plan in that case had been prepared for the entire 
originally annexed area as a whole, not just the part that the appellants were 
seeking to disannex.  Smith, 161 S.W.3d at 679.  Here, the 
Town’s service plan was prepared for the entire 5,044 acres, not just the 
property the Freemans sought to disannex.[1]
        We 
agree with the Eastland court’s well-reasoned opinion and hold that section 
43.141(a) provides that only a majority of voters within an entire annexed area 
may petition for disannexation for a municipality’s failure to provide 
services.[2]   Accordingly, the trial court 
did not err in its interpretation of the statute and in concluding that the 
Freemans did not have standing to bring the suit.  Therefore, the trial 
court’s granting of the Town’s plea to the jurisdiction was proper.  See 
Bland ISD v. Blue, 34 S.W.3d 547, 553-54 (Tex. 2000) (holding that the 
absence of standing may be raised in a plea to the jurisdiction).  We 
overrule the Freemans’ sole issue.
Conclusion
        Having 
overruled the Freemans’ sole issue, we affirm the trial court’s judgment.
  
  
                                                          TERRIE 
LIVINGSTON
                                                          JUSTICE
   
 
PANEL 
B:   LIVINGSTON, DAUPHINOT, and MCCOY, JJ.
 
DELIVERED: 
August 29, 2005


NOTES
1.  
The record shows that the Town has not provided water and wastewater services to 
the Affected Area. It does not show whether services have been provided to any 
other part of the originally annexed area. The service plan attached to the 
annexation ordinance provided for water and wastewater services to be provided 
to the annexed area in accordance with Town Ordinance No. 25-78 and “when 
requested by individual owners, residents, or developers subject to rules and 
regulations promulgated by the . . . (TNRCC) and subject to existing 
certificates of convenience and necessity.” In a June 7, 2004 letter to the 
Freemans, the Town contended that it was not required to provide water and 
wastewater services to the Freemans’ property under either the local 
government code or the service plan.
2.  
This holding relates solely to a petition brought under section 43.141(a) and 
does not exclude or limit other rights similarly aggrieved landowners might have 
under the local government code, such as seeking relief by mandamus under 
section 43.056(l)—formerly section 43.056(i) at the time the Affected Area was 
annexed—or by a quo warranto proceeding. See Smith, 161 S.W.3d at 
679-80; see also Alexander Oil Co. v. Seguin, 825 S.W.2d 434, 436 (Tex. 
1991) (stating rule that only proper method of attacking annexation is by quo 
warranto unless annexation is wholly void); City of Wichita Falls v. Pearce, 
33 S.W.3d 415, 417 (Tex. App.—Fort Worth 2000, no pet.) (“Absent specific 
legislative authorization, the only proper method for attacking the validity of 
a city’s annexation of territory is through a quo warranto proceeding, unless 
the annexation is wholly void.”).