FREEMAN V. FLOWER MOUND

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-030-CV

ORRIC FREEMAN AND

CAROLE FREEMAN APPELLANTS

V.

TOWN OF FLOWER

MOUND, TEXAS APPELLEE

------------

FROM THE 362ND DISTRICT COURT OF DENTON COUNTY

------------

OPINION

------------

This case involves the interpretation of section 43.141(a) of the Texas Local Government Code.  
Tex. Loc. Gov’t Code Ann.
 § 43.141(a) (Vernon Supp. 2004-05).  In one issue, Orric and Carole Freeman contend that the trial court erred in holding that they were not permitted to seek disannexation of their property from the Town of Flower Mound because they did not seek to disannex the entire area originally annexed by the Town and because they were not joined by a majority of voters in the entire originally annexed area.  We affirm.

Background Facts

Over the property owners’ objection, the Town annexed approximately 5,044 acres of land on September 9, 1999.  In July 2004, the Freemans filed a petition to disannex approximately 1,200 acres within the annexed area (the Affected Area) on the ground that the Town had failed to provide services to the Affected Area.  The Town took no action on the petition, and the Freemans filed suit in September 2004.  The Town filed an answer and a plea to the jurisdiction, contending, among other things, that section 43.141 does not allow for a partial disannexation; in other words, a majority of voters of the entire area originally annexed must petition for disannexation.  Thus, the Town contended that the Freemans did not have standing to maintain a disannexation suit.  The trial court granted the Town’s plea to the jurisdiction, “based on the finding that partial disannexation is not authorized by [section] 43.141.”

Analysis

The question we must answer in this case is one of simple statutory construction.  When a statute is clear and unambiguous, we “should give the statute its common meaning” 
and seek the intent of the legislature as found in the plain and common meaning of the words and terms used.  
St. Luke’s Episcopal Hosp. v. Agbor
, 952 S.W.2d 503, 505 (Tex. 1997)
; In re K.L.V., 
109 S.W.3d 61, 65 (Tex. App.—Fort Worth 2003, pet. denied).  We do not need to resort to rules of construction or extrinsic aids to construe a statute that is clear and unambiguous.  
St. Luke’s Episcopal Hosp., 
952 S.W.2d at 505; 
Cail v. Serv. Motors, Inc.
, 660 S.W.2d 814, 815 (Tex. 1983).  
We should not adopt a construction that would render a law or provision meaningless or absurd.  
Centurion Planning Corp. v. Seabrook Venture II
, No. 01-02-00518-CV, 2004 WL 2823125, at *3 (Tex. App.—Houston [1st Dist.] Dec. 9, 2004, no pet.).   Section 43.141(a) provides that “[a] majority of the qualified voters of an annexed area may petition the governing body of the municipality to disannex the area if the municipality fails or refuses to provide services or to cause services to be provided to the area within the [statutorily prescribed] period.”  
Tex. Local Gov’t Code Ann
. § 43.141(a).  Here, the dispute is over the meaning of the phrase “an annexed area.”  The Freemans contend that the legislature’s use of the article “an” shows an intent “that the area seeking disannexation need not be the exact area originally annexed.”  The Town argues that the use of the word “an” in the statute “is simply an acknowledgement that, over a period of years, a municipality might make a number of separate annexations through separate annexation ordinances.”  

The Eastland Court of Appeals has recently addressed this issue, holding that “[t]he more reasonable construction of Section 43.141(a) is that ‘[a] majority of the qualified voters of an annexed area’ means a majority of the qualified voters of the [entire area] that was previously annexed.”  
Smith v. City of Brownwood
, 161 S.W.3d 675, 680 (Tex. App.—Eastland 2005, no pet.).  In that case, the appellants relied on the same reasoning as the Freemans do in this case:  that the legislature’s use of the indefinite article “an” indicates an intention that landowners in only a part of an originally annexed area could sue for disannexation under section 43.141.  
Id
. at 678.

In its analysis of the statutory provision, the Eastland court noted that the term “an annexed area” must be read in context with the last part of the sentence in section 43.141(a), which states that the disannexation remedy is available “if the municipality fails or refuses to provide services or to cause services to be provided 
to the area
 within the period specified by Section 43.056 or by the service plan prepared 
for the area
 under that section.”  
Tex. Local Gov’t Code Ann
. § 43.141(a) (emphasis added); 
Smith
, 161 S.W.3d at 679.  The court noted that the service plan in that case had been prepared for the entire originally annexed area as a whole, not just the part that the appellants were seeking to disannex.  
Smith
, 161 S.W.3d at 679.  Here, the Town’s service plan was prepared for the entire 5,044 acres, not just the property the Freemans sought to disannex.
(footnote: 1)  

We agree with the Eastland court’s well-reasoned opinion and hold that section 43.141(a) provides that only a majority of voters within an entire annexed area may petition for disannexation for a municipality’s failure to provide services.
(footnote: 2)  Accordingly, the trial court did not err in its interpretation of the statute and in concluding that the Freemans did not have standing to bring the suit.  Therefore, the trial court’s granting of the Town’s plea to the jurisdiction was proper.  
See Bland ISD v. Blue
, 34 S.W.3d 547, 553-54 (Tex. 2000) (holding that the absence of standing may be raised in a plea to the jurisdiction).  We overrule the Freemans’ sole issue.

Conclusion
  

Having overruled the Freemans’ sole issue, we affirm the trial court’s judgment.

TERRIE LIVINGSTON

JUSTICE

PANEL B: LIVINGSTON, DAUPHINOT, and MCCOY, JJ.

DELIVERED:  August 29, 2005

FOOTNOTES
1:
The record shows that the Town has not provided water and wastewater services to the Affected Area.  It does not show whether services have been provided to any other part of the originally annexed area.  The service plan attached to the annexation ordinance provided for water and wastewater services to be provided to the annexed area in accordance with Town Ordinance No. 25-78 and “when requested by individual owners, residents, or developers subject to rules and regulations promulgated by the . . . (TNRCC) and subject to existing certificates of convenience and necessity.”  In a June 7, 2004 letter to the Freemans, the Town contended that it was not required to provide water and wastewater services to the Freemans’ property under either the local government code or the service plan.

2:
This holding relates solely to a petition brought under section 43.141(a) and does not exclude or limit other rights similarly aggrieved landowners might have under the local government code, such as seeking relief by mandamus under section 43.056(l)—formerly section 43.056(i) at the time the Affected Area was annexed—or by a quo warranto proceeding.  
See Smith, 
161 S.W.3d at 679-80; 
see also Alexander Oil Co. v. Seguin
, 825 S.W.2d 434, 436 (Tex. 1991) (stating rule that only proper method of attacking annexation is by quo warranto unless annexation is wholly void); 
City of Wichita Falls v. Pearce
, 33 S.W.3d 415, 417 (Tex. App.—Fort Worth 2000, no pet.) (“Absent specific legislative authorization, the only proper method for attacking the validity of a city’s annexation of territory is through a quo warranto proceeding, unless the annexation is wholly void.”).