

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

November 21, 2006

The Honorable William M. Jennings
Gregg County Criminal District Attorney
101 East Methvin Street, Suite 333
Longview, Texas 75601

Opinion No. GA-0484

Re: Whether motor vehicles excepted from property-tax-rendition requirements under Tax Code section 22.01(k) are thereby exempt from taxation (RQ-0476-GA)

Dear Mr. Jennings:

On behalf of the Gregg County Appraisal District, you ask whether certain motor vehicles that are used for both business and personal purposes, which need not be rendered for taxation under Tax Code section 22.01(k), are thereby exempt from taxation.[1] *See* TEX. TAX CODE ANN. § 22.01(a), (k) (Vernon Supp. 2006).

In general, under section 22.01(a) of the Tax Code, the owner of tangible personal property that is used to produce income must render the property for taxation on January 1 of each year. *Id.* § 22.01(a). Under section 22.01(k), however, "an individual who owns and is the primary operator of one or more passenger cars or light trucks in the course of the individual's occupation or profession and also operates those vehicles for personal activities that do not involve the production of income is not required to render the vehicles for taxation." *Id.* § 22.01(k).

Consistently with section 22.01(k)'s plain language, the owner of a car or light truck used for both business and personal purposes is not required to render the vehicle for taxation. *Cf. Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 865 & n.6 (Tex. 1999) (stating the "cardinal law in Texas that a court construes a statute[] 'first, by looking to the plain and common meaning of the statute's words'") (quoting *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998)). But section 22.01(k) does not expressly exempt the vehicle from taxation. *See* TEX. TAX CODE ANN. § 22.01(k) (Vernon Supp. 2006). Given that property exempt from taxation is not subject to rendition, you ask in effect whether the converse is true: whether vehicles that are exempt from rendition requirements are thereby exempt from taxation. *See id.* § 22.01(j); Request Letter, *supra* note 1, at 2.

---

[1]*See* Letter from Janie L. Johnson, Assistant Gregg County Criminal District Attorney, to Honorable Greg Abbott, Attorney General of Texas (Apr. 12, 2006) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us); Letter from Thomas R. Hays, Chief Appraiser, Gregg County Appraisal District, to Honorable Greg Abbott, Attorney General of Texas (Mar. 24, 200[6]) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

Under article VIII, section 1 of the Texas Constitution, "[t]axation shall be equal and uniform," and all "tangible personal property in this State, unless exempt as required or permitted by this Constitution . . . shall be taxed in proportion to its value." TEX. CONST. art. VIII, § 1(a)–(b). The constitution specifically requires the legislature to exempt from ad valorem taxation household goods and personal effects not held or used to produce income and permits (but does not require) the legislature to exempt an individual's personal property homestead, other tangible personal property not used to produce income, a leased motor vehicle that is not used primarily to produce income, and tangible personal property that is used to produce income but that "has a taxable value of less than the minimum amount sufficient to recover the costs of the administration of the taxes on the property." *Id.* § 1(d), (g).

In accordance with article VIII, section 1 of the Texas Constitution, chapter 11 of the Tax Code directs that all tangible personal property is taxable unless exempt by law. *See* TEX. TAX CODE ANN. § 11.01(a) (Vernon 2001). Section 11.14 exempts tangible personal property that is not used to produce income, and section 11.145 exempts tangible personal property that is used to produce income but that has a taxable value of less than $500. *See id.* §§ 11.14(a) (Vernon Supp. 2006), 11.145(a) (Vernon 2001). *See generally* CAROLE KEETON STRAYHORN, TEXAS COMPTROLLER OF PUBLIC ACCOUNTS, WINDOW ON STATE GOVERNMENT, TAX FORMS ONLINE, *at* http://www.window .state.tx.us/taxinfo/taxforms/93-forms.html (listing the available applications for exemptions from taxation) (last visited Nov. 14, 2006).

Rendition and exemption are distinguishable concepts. Rendition "is the reporting of taxable property by the owner to the appraiser" and is thus procedural in nature. *Harris County Appraisal Dist. v. Tex. Gas Transmission Corp.*, 105 S.W.3d 88, 91 n.1 (Tex. App.—Houston [1st Dist.] 2003, pet. denied). A tax exemption, on the other hand, is not procedural but substantive, exempting from taxation property that "would, in the absence of the exemption, otherwise be subject to tax." *Cosmar Co. v. Slaughter*, 871 So. 2d 646, 649 n.4 (La. App. 2004), *writ denied*, 883 So. 2d 987 (La. 2004). In addition, statutory rendition requirements are separate and distinct from tax exemptions. Exemptions from taxation are codified in Tax Code chapter 11. *See generally* TEX. TAX CODE ANN. ch. 11 (Vernon 2001 & Supp. 2006). Rendition requirements are, by contrast, set forth in chapter 22 of the Tax Code. *See generally id.* ch. 22.

Neither article VIII of the Texas Constitution nor chapter 11 of the Tax Code expressly exempts personal property that is not subject to the statutory rendition requirement. And neither the constitution nor statutes expressly exempt motor vehicles that are used for income-producing as well as personal purposes. Tax Code section 11.14(a) exempts only tangible personal property "that is not held or used for the production of income." *Id.* § 11.14(a) (Vernon Supp. 2006); *see also* TEX. CONST. art. VIII, § 1(d) (authorizing the legislature to exempt from taxation tangible personal property not used to produce income). Tax Code section 11.145(a) implicitly exempts motor vehicles used to produce income, but only if the vehicle is valued at less than $500. *See* TEX. TAX CODE ANN. § 11.145(a) (Vernon 2001); *cf.* TEX. CONST. art. VIII, § 1(g) (authorizing the legislature to exempt from taxation tangible personal property used to produce income if the taxable value is less than the minimum amount sufficient to recover the costs of administering the taxes on the property). "An exemption cannot be raised by implication, but must affirmatively appear . . . ." *Bullock v. Nat'l BancShares Corp.*, 584 S.W.2d 268, 272 (Tex. 1979).

Interpreting section 22.01(k) not to provide a tax exemption does not rob the section of all meaning. *Cf.* TEX. GOV'T CODE ANN. § 311.021(2) (Vernon 2005) (enunciating the presumption that, in enacting a statute, the legislature intends the entire statute to be effective); *City of Keller v. Wilson*, No. 2-00-183-CV, 2006 WL 1716130, *3 (Tex. App.—Fort Worth, June 22, 2006, no pet.) (stating that a court will not construe a statute in a way that makes it meaningless); *Freeman v. Town of Flower Mound*, 173 S.W.3d 839, 840 (Tex. App.—Fort Worth 2005, no pet.) (same). While vehicles not subject to rendition under section 22.01(k) are taxable, the owner may not be penalized for failing to timely render the property or for excluding the property altogether from a rendition report. *See* TEX. TAX CODE ANN. §§ 22.28(a), .29(a)(1) (Vernon Supp. 2006).

We thus conclude that House Bill 809, passed in the Seventy-ninth Legislature, codified at section 22.01(k) of the Tax Code, exempts cars and light trucks that are used in the course of the owner's occupation or profession as well as for personal purposes from rendition for taxation, but that the legislation did not establish that such personal property is exempt from taxation. *See* Act of May 27, 2005, 79th Leg., R.S., ch. 941, 2005 Tex. Gen. Laws 3189, 3189.

## S U M M A R Y

House Bill 809, passed in the Seventy-ninth Legislature, codified at section 22.01(k) of the Tax Code, exempts cars and light trucks that are used in the course of the owner's occupation or profession as well as for personal purposes from rendition for taxation, but that legislation did not establish that such personal property is exempt from taxation.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee