**FIVE LAND, LTD., Appellant**

v.

**CITY OF ROWLETT, Appellee.**

**No. 05–08–00662–CV.**

Court of Appeals of Texas, Dallas.

Aug. 13, 2009.

Daniel P. Callahan, Gary Kessler, Bryon L. Romine, Kessler & Collins, P.C., Dallas, TX, for appellant.

David Berman, Nichols Jackson Dillard Hager & Smith, LLP, Dallas, TX, for appellant.

Before Justices MOSELEY, O'NEILL and MURPHY.

## OPINION

Opinion By Justice O'NEILL.

Five Land, Ltd. appeals the dismissal of its mandamus action against the City of Rowlett. The trial court, concluding Five Land lacked standing to bring a mandamus action, dismissed the cause. In a single point of error, Five Land contends the trial court erred in doing so. For the following reasons, we affirm the trial court's dismissal order.

In June 1998, the City of Rowlett annexed 307 acres of undeveloped land. When it did so, it enacted a service plan to provide municipal services to the annexed area as required by section 43.056 of the Texas Local Government Code as it existed at that time. The plan stated there were no sewer lines in the annexed area and there existed "future plans to extend service to [the] area." The plan referenced associated capital improvement programs, including sewer lines, to be prioritized on an "as needed" and "as funds" allow basis.

In 2002, Five Land purchased 238 acres of the annexed land. In 2006, the City still had not extended sewer lines or services to the annexed area. Five Land filed this mandamus action under the provisions of section 43.056($l$) of the local government code seeking to enforce the 1998 service plan. Five Land pleaded it had standing under section 43.056($l$) because it owned land within the annexed area. On the day of trial, the City filed a plea to the jurisdiction alleging Five Land did not have standing because the statute in effect at the time of the annexation gave only persons residing on the annexed area the right to sue for mandamus. The trial court heard evidence on the plea to the jurisdiction at the same time as the trial on the merits. Following the bench trial, the trial court dismissed the cause concluding Five Land, as an owner but not a resident of the annexed area, did not have standing to bring a mandamus action to enforce a service plan.

At the time the City annexed the land in 1998, section 43.056(i) of the local government code allowed residents, but not landowners, to bring a mandamus action to enforce a service plan. *See* Act of May 29, 1995, 74th Leg., R.S., ch. 1062, § 1, 1995 Tex. Gen. Laws 5240 (current version at TEX. LOCAL GOV'T CODE ANN. § 43.056(*l*) (Vernon 2008)). However, effective September 1, 1999, the legislature amended the provision, and moved it to section 43.056(*l*), to allow non-resident landowners in a municipality with a population of less than 1.6 million the right to apply for a writ of mandamus. Act of May 30, 1999, 76th Leg., R.S., ch. 1167, § 7, 1999 Tex. Gen. Laws 5240.

The issue presented is whether this legislative change applies to property that was annexed before the effective date of the change. Both Five Land and the City rely on certain presumptions to answer this question. However, we need not rely on any such presumptions because the legislature included express provisions dictating the applicability of the amendment. Specifically, at the time it amended the statute, the Legislature stated it applied to (1) annexations that were required to be included in a municipal's three-year annexation plan under the amended statute, and (2) annexations not required to be included in such a plan *if* the first public hearing or first notice required as part of the annexation process occurred on or after September 1, 1999. Act of May 30, 1999, 76th Leg., R.S., ch. 1167, § 17(c), (d), & (e), 1999 Tex. Gen. Laws 4079, 4090. In both instances, the Legislature applied the amendment only to annexations in which the annexation process began after the effective date of the statute. *Cf. Board of Adjustment of the City of San Antonio v. Wende,* 92 S.W.3d 424, 427 (Tex.2002) (applying 1999 amendments only to annexations occurring on or after 1999). Here, the annexation process was completed at the time the statute was amended. Thus, we conclude the former version applies.

Our conclusion is consistent with the legislature's prior practice of applying even remedial annexation amendments only to annexations initiated on or after the effective date of the amendment. *See* Act of May 29, 1995, 74th Leg., R.S., ch. 1062, §§ 1, 3, 1995 Tex. Gen. Laws 5240, 5241 (amendment giving residents the right to mandamus applied prospectively); *Smith v. City of Brownwood,* 161 S.W.3d 675, 679 (Tex.App.-Eastland 2005, no pet.) (noting that when legislature gave residents the right to bring a mandamus in 1995, it applied that remedy only to annexations initiated on or after the effective date of the amendment). We conclude, based on the language the legislature used regarding the applicability of the amendment, the legislature did not intend for the amendment to apply to completed annexations. Our conclusion is bolstered by the fact that the legislature expressly made at least one amendment to the Act applicable to annexations occurring before, on, or after the effective date of the Act. *See* Act of May 30, 1999, 76th Leg., R.S., ch. 1167, § 17(g), 1999 Tex. Gen. Laws 4074, 4090 (section 43.0712, added by the amendatory Act, applies to an annexation that occurs "before, on, or after the effective date of this act.") Thus, if the legislature had chosen to allow landowners to bring mandamus actions to enforce service plans enacted in association with pre–1999 annexations, it clearly knew how to do so.

In reaching this conclusion, we reject Five Land's contention that the Legislature only intended to make the statute prospective from the date of annexation with respect to procedural requirements of annexation. To support this assertion, it relies on Section 17(d) and (e) which concern only land that is not required to be in a three-year service plan. Section 17(d)

and (e) state the change in law to 43.056(*l*) (and other specifically enumerated subsections) applies "to the annexation of an area" if the first public hearing or notice required by the Act occurred on or after September 1, 1999. Act of May 30, 1999, 76th Leg., R.S., ch. 1167, § 17(d) & (e), 1999 Tex. Gen. Laws 4079, 4090. According to Five Land, they are not seeking to apply the change in law to the "annexation" of an area and therefore the prospective language in section 17(d) does not apply. However, Five Land is seeking to enforce a service plan that was entered into as part of the annexation process. Moreover, section 43.056(*l*) does not contain any provisions with respect to the annexation process itself. Thus, Five Land's interpretation would make the legislature's prospective language with respect to section 43.056(*l*) meaningless. The legislature is never presumed to do a useless act. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 636 (Tex.2008).

Here, the annexation of the land at issue was complete before 1999. Thus, the area was never included in a three-year annexation plan under the amended provisions of the Act and none of the notices or hearings required for the annexation occurred after the effective date of the Act. We conclude Five Oaks did not have standing to bring a mandamus action. Thus, the trial court properly dismissed its claim. We affirm the trial court's order.