**Paul A. HOFFMAN et al., Petitioners,**

v.

**Bill ELLIOTT, County Judge of Harris County, Texas, Respondent.**

**No. B–3136.**

Supreme Court of Texas.

Feb. 23, 1972.

Rehearing Denied March 22, 1972.

Krist, McConnico & Jones, Dalton L. Jones, Houston, for petitioners.

Joe Resweber, County Atty., Gus Drake, Asst. County Atty., Houston, for respondent.

## PER CURIAM

Petitioners seek a mandamus to compel Honorable Bill Elliott, County Judge of Harris County, to call an election for the incorporation of an area referred to as Clear Lake City. This area they wish to incorporate is within the extraterritorial jurisdiction of the City of Houston, and no consent has been given by the governing body of Houston for the proposed incorporation as is required by Section 8 A of Article 970a, Vernon's Anno.Tex.Civil Statutes. The mandamus was denied by the trial court and that denial affirmed by the court of civil appeals. 473 S.W.2d 675.

Petitioners contend that the area is outside of the extra-territorial jurisdiction of Houston for the reason that its Annexation Ordinance, Number 65–1555 BR, by which the City of Houston was extended

farthest in this direction, is void. An attack upon an annexation ordinance must ordinarily be made by the State in an action of quo warranto. If the annexation be wholly void because not authorized by law or color of law, a collateral attack is permissible by private parties who suffer some burden peculiar to themselves. The position of the petitioners is virtually the same as that of the landowners in City of West Lake Hills v. State ex rel. City of Austin, 466 S.W.2d 722 (Tex.1971). The holding in City of West Lake Hills that the private landowners had no standing to attack the incorporation or annexation there applies to petitioners here. There is no cause to decide a question as to the validity of the Houston annexation ordinance.

The application for writ of error is refused, no reversible error.