**ALEXANDER OIL COMPANY,**
Petitioner,

v.

**CITY OF SEGUIN, Respondent.**

No. C–9317.

Supreme Court of Texas.

Nov. 13, 1991.

Rehearing Overruled April 8, 1992.

Western's complaint.

James W. Saunders, San Antonio, for petitioner.

Sharon E. Callaway, Crofts, Callaway & Jefferson, Paul A. Drummond, Groce Locke & Hebdon, San Antonio, for respondent.

## OPINION

GONZALEZ, Justice.

The key issue in this case is whether the Texas Legislature intended to allow a private party judicial relief to set aside annexation for alleged procedural irregularities, or whether the complaints may only be raised in a quo warranto proceeding. Alexander Oil Company ("Alexander") brought suit as a private party to void the annexation of its property by the City of Seguin ("the City"). Alexander alleged that the City did not comply with the notice, hearing or service plan requirements of the Municipal Annexation Act.[1] Both parties moved for summary judgment, and the trial court granted summary judgment for the City. The court of appeals affirmed the judgment of the trial court. 823 S.W.2d 309. We affirm.

## FACTS

Prior to annexation, Alexander paid the full expense to have water lines brought from the City to its property. Thereafter, the City began to consider annexation of 192.43 acres of land within its extraterritorial jurisdiction, including property owned by Alexander. To meet the requirements of the Municipal Annexation Act the City published notices on November 14 and 16, 1986, of two public hearings on the annexation to be held on November 25 and 26, 1986. The City Secretary also posted the agenda of the public hearings on the front door of the Seguin Municipal Building on November 19, 1986. At the first of their

1. TEX.REV.CIV.STAT. art. 970a, §§ 6, 10, *repealed by* Act of May 1, 1987, 70th Leg., R.S., ch. 149, § 49, 1987 Tex.Gen.Laws 1306, *now codified as* TEX.LOC.GOV'T CODE §§ 43.052, 43.053, 43.056. Further references are to the Local Government Code.

scheduled hearings, Alexander's counsel presented Alexander's concerns and requests regarding service to the annexed area, including its request to be reimbursed for its water line installation expenses. A quorum of council members was present at the November 25 hearing but not at the November 26 hearing. Despite notice, no members of the public attended the November 26 hearing. After readings on December 16 and 17, 1986, the city council passed an ordinance annexing the land on December 18, 1986.

After Alexander filed suit, both parties filed motions for summary judgment. Alexander sought summary judgment on the grounds that the ordinance was void for the want of a proper presentation of a service plan and inadequate notice of public hearing. The City sought summary judgment on the grounds that the summary judgment proof shows the annexation ordinance was not void *ab initio*, and therefore Alexander's collateral attack must fail as a matter of law.

### ALEXANDER'S ALLEGATIONS

■ Alexander does not complain that it did not have actual notice of the hearings, because, as the summary judgment record reflects, Alexander fully participated in the hearing. Rather, Alexander alleges and claims to have shown that the notice given by the City did not comply with the Municipal Annexation Act. TEX. LOC. GOV'T CODE § 43.056(a).[2] Alexander also claims to have shown that the City failed to conduct proper and timely hear-

**2.** Formerly TEX.REV.CIV.STAT. art. 970a, §§ 6, 10, *repealed and recodified by* Act of May 1, 1987, 70th Leg., R.S., ch. 149, § 49, 1987 Tex.Gen. Laws 1306.

Alexander additionally complains that the City violated the Open Meetings Act, TEX.REV.CIV. STAT. art. 6252–17, Alexander has not previously raised this issue in either its pleadings or motion for summary judgment. Therefore, it was not preserved for our consideration.

**3.** There is no provision for judicial inquiry into a municipality's motives to annex land. *See Larkin v. City of Denison*, 683 S.W.2d 754, 756 (Tex.App.—Dallas 1984, no writ). The determination of boundaries is a question for the political branches of government rather than judicial. Consequently, the court may not substitute its

ings and failed to provide, and continues to fail to provide, a service plan as required by the Municipal Annexation Act. Finally, Alexander alleges that the City annexed the property for the purpose of levying ad valorem taxes, and that the City had no ability or intention to provide service to the property.[3] The basis of the City's motion for summary judgment and resisting Alexander's motion is that since this is not a quo warranto proceeding, Alexander's suit is a collateral attack. The City argues that the challenged ordinance in the summary judgment record is not void, and therefore the collateral attack must fail as a matter of law.

### QUO WARRANTO PROCEEDINGS

■ The only proper method for attacking the validity of a city's annexation of territory is by quo warranto proceeding, unless the annexation is wholly void. *Hoffman v. Elliott*, 476 S.W.2d 845, 846 (Tex. 1972) (per curiam); *Kuhn v. City of Yoakum*, 6 S.W.2d 91, 91 (Tex. Comm'n App. 1928, judgm't adopted); *Graham v. City of Greenville*, 2 S.W. 742, 745 (Tex.1886); *City of Hurst v. City of Colleyville*, 501 S.W.2d 140, 144 (Tex.Civ.App.—Fort Worth 1973, writ ref'd n.r.e.), *on appeal after remand sub nom. State ex rel. City of Colleyville v. City of Hurst*, 521 S.W.2d 727 (Tex.Civ.App.—Fort Worth 1975, writ ref'd n.r.e.); L. LOWE, 6A TEXAS PRACTICE § 1203 (1973). The purpose of a quo warranto proceeding is to question the right of a person or corporation, including a municipality, to exercise a public franchise or

judgment for that of the municipality. *City of Wichita Falls v. State ex rel. Vogtsberger*, 533 S.W.2d 927, 929 (Tex.), *cert. denied*, 429 U.S. 908, 97 S.Ct. 298, 50 L.Ed.2d 276 (1976). At the time of this annexation, the City was required to provide specific services to the annexed area within 60 days of the effective date of annexation and to begin construction of capital improvements for the area within two and one-half years. TEX.LOC. GOV'T CODE § 43.056(b), (c). If the City fails or refuses to provide services within the area in accordance with the service plan and section 43.056, the remedy is disannexation. A majority of the qualified voters of an annexed area may petition a City to disannex an area. *Id.* § 43.141. Therefore, neither of these claims is properly before the court.

office. In this case, Alexander questions the City's annexation authority. Through quo warranto proceedings, "the State acts to protect itself and the good of the public generally, through the duly chosen agents of the State who have full control of the proceeding." *Fuller Springs v. State ex rel. City of Lufkin*, 513 S.W.2d 17, 19 (Tex.1974). Therefore, the State must bring the action to question irregular use of the delegated annexation authority.

Furthermore, quo warranto proceedings serve another purpose. By requiring that the State bring such a proceeding, we avoid the specter of numerous successive suits by private parties attacking the validity of annexations. *Kuhn*, 6 S.W.2d at 92. The judgments of suits brought by private parties are binding only on the parties thereto so conflicting results might be reached in subsequent suits by other individuals. These problems are avoided by requiring quo warranto proceedings because the judgment settles the validity of the annexation on behalf of all property holders in the affected area. *Id.; see also Superior Oil Co. v. City of Port Arthur*, 726 F.2d 203, 206 (5th Cir.1984).[4]

The requirement that an action seeking to set aside annexation for irregular use of power be brought as a quo warranto proceeding dates back as early as 1886. *Graham v. City of Greenville*, 67 Tex. 62, 2 S.W. 742, 744–45 (1886). It continues to be followed today. *See, e.g., Hoffman*, 476 S.W.2d at 846; *City of Houston v. Savely*, 708 S.W.2d 879, 889 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.), *cert. denied*, 482 U.S. 928, 107 S.Ct. 3212, 96 L.Ed.2d 698 (1987); *Larkins v. City of Denison*, 683 S.W.2d 754, 756 (Tex.App.—Dallas 1984, no writ); *City of Nassau Bay v. Webster*, 600 S.W.2d 905, 907 (Tex.Civ. App.—Houston [1st Dist.]), *writ ref'd n.r.e.*, 608 S.W.2d 618 (Tex.1980). The fact that the Legislature has reacted to other holdings regarding annexation,[5] but has not acted to expressly provide a private action to set aside annexation in reaction to these cases, supports the position that a quo warranto proceeding is required to set aside annexation unless it is void. The only express remedy for failure to provide services to the annexed area is disannexation. TEX.LOC.GOV'T CODE § 43.141; *see also Larkins*, 683 S.W.2d at 757. Because this is not a direct attack by quo warranto, the City will be entitled to summary judgment if it can show as a matter of law that the ordinance is not void.

## FAILURE TO FOLLOW STATUTORY PROCEDURAL REQUIREMENTS—IS ACTION TAKEN VOID OR VOIDABLE?

The City offered proof in support of its argument that the City had subject-matter

---

4. Applying Texas law in a challenge against annexation, the Fifth Circuit observed the following with regard to quo warranto proceedings:

> The basis for requiring quo warranto proceedings is that a judgment in favor of or against a municipal corporation, county or state on a matter affecting the public interest binds all citizens and taxpayers even though they were not made party to the suit.

*Superior Oil Co. v. City of Port Arthur*, 726 F.2d 203, 206 (5th Cir.1984). The court also quoted the following language as providing the basis for the rule:

> If this were not so, each citizen, and perhaps each citizen of each generation of citizens, would be at liberty to commence an action and to litigate the question for himself.... If a judgment against the county in its corporate capacity does not bind the taxpayers composing the county, then it would be difficult to imagine what efficacy could be given to such judgment.

*Cochran County v. Boyd*, 26 S.W.2d 364, 366 (Tex.Civ.App.—Amarillo 1930, writ ref'd).

5. In the past, the courts upheld odd annexation configurations. *See, e.g., Fox Dev. Co. v. City of San Antonio*, 468 S.W.2d 338, 338 (Tex.1971) (annexation of highway right-of-way not void); *May v. City of McKinney*, 479 S.W.2d 114, 117–18 (Tex.Civ.App.—Dallas 1972, writ ref'd n.r.e.) (annexation of ten foot wide strips that were one to three miles long was upheld). In reaction to these cases and other similar incidents the Legislature amended the Municipal Annexation Act to limit "spoke" or "strip" annexations. Similarly, after the court upheld City of Port Arthur's annexation of ten miles into the Gulf of Mexico encompassing several oil platforms the Legislature amended the Natural Resource Code to limit annexation into the Gulf to one marine league (3.41 miles). *Superior Oil Co. v. City of Port Arthur*, 628 S.W.2d 94, 97 (Tex.App.—Beaumont 1981, writ ref'd n.r.e.), *appeal dism'd*, 459 U.S. 802, 103 S.Ct. 25, 74 L.Ed.2d 40 (1982); 67th Leg., R.S., ch. 803, 1981 Tex.Gen.Laws 3057; 68th Leg., R.S., ch. 538, 1983 Tex.Gen. Laws 3134 (now codified as TEX.NAT.RES.CODE §§ 11.013(c), 11.0131(b), (d)).

jurisdiction to issue the ordinance which was fully activated by giving proper notice under the Code. Alexander's reply to the City's motion is that certain procedural irregularities render the ordinance void. Alexander relies on *City of Duncanville v. City of Woodland Hills*, 489 S.W.2d 557, 558 (Tex.1972) (per curiam), to support its contention that "full compliance with statutory requirements as to notice and hearing is necessary to the validity of an ordinance."

Historically, private challenges of annexation ordinances have been sustained and the ordinance held void in the following instances: an annexation of territory exceeding the statutory size limitations, *Deacon v. City of Euless*, 405 S.W.2d 59, 64 (Tex.1966); an attempted annexation of territory within the corporate limits of another municipality or which was not contiguous with its own limits, *City of West Orange v. State ex rel. City of Orange*, 613 S.W.2d 236, 238 (Tex.1981); *City of Waco v. City of McGregor*, 523 S.W.2d 649, 652 (Tex.1975); an attempted annexation in which the boundary of the annexed territory did not close using the description contained in the ordinance, *State ex rel. Rose v. City of La Porte*, 386 S.W.2d 782, 789 (Tex.1965). The common trait in these cases is whether the municipality exceeded the annexation authority delegated to it by the Legislature. The power to annex is committed to the political branches of state government; it is a legislative prerogative. *See City of Wichita Falls v. State ex rel. Vogtsberger*, 533 S.W.2d 927, 929 (Tex.), *cert. denied*, 429 U.S. 908, 97 S.Ct. 298, 50 L.Ed.2d 276 (1976); *Hammonds v. City of Corpus Christi*, 226 F.Supp. 456, 459 (S.D.Tex.1964), *aff'd*, 343 F.2d 162 (5th Cir.), *cert. denied*, 382 U.S. 837, 86 S.Ct. 85, 15 L.Ed.2d 80 (1965). The Annexation Act expressly states that "[a] municipality may annex area only in its extraterritorial jurisdiction unless the municipality owns the area." TEX.LOC.GOV'T CODE § 43.051. The extraterritorial jurisdiction of a municipality depends on its size, and the limits are specified in section 42.021. Section 43.055 sets forth the limits on the amount of territory which may be annexed in one year.

As discussed previously, the Act also expressly prohibits strip annexation. *Id.* at § 43.054.

Alexander's allegations regarding the timing of the hearing notice and commencement of annexation proceedings are without basis because the City met the minimum notice posting requirements as a matter of law. The record establishes that the City published notice of the hearings more than ten days in advance and that the City did not begin to commence annexation proceedings until 20 days after the second hearing. TEX.LOC.GOV'T CODE § 43.052. The annexation ordinance was within the power of the municipality to promulgate, and its jurisdiction was activated by giving notice required by statute. The resulting ordinance is not void. Alexander's allegations directed at whether the service plan was adequate and whether a quorum was required to conduct the hearing are matters that could be raised in a direct attack by quo warranto, but are insufficient grounds for a private challenge. *See, e.g., Universal City v. City of Selma*, 514 S.W.2d 64, 73 (Tex.Civ.App.—Waco 1974, writ ref'd n.r.e.) (act unauthorized by law or color of law may be challenged by collateral attack but mere irregular exercise of valid authority must be brought by quo warranto); *May v. City of McKinney*, 479 S.W.2d 114, 120 (Tex.Civ.App.—Dallas 1972, writ ref'd n.r.e.) (collateral attack must show entire want of power and it is not sufficient to show mere irregularity in exercise of annexation authority); *City of Irving v. Callaway*, 363 S.W.2d 832, 834 (Tex.Civ.App.—Dallas 1962, writ ref'd n.r.e.) (complaints directed at irregularities which would make ordinance voidable only must be brought by quo warranto proceeding).

Although Alexander urges that *Duncanville* supports its contention that the annexation was void, we decline to follow *Duncanville*. In *Duncanville*, the court issued a per curiam opinion refusing to grant an application for writ of error. In that case the court stated that "full compliance with statutory requirements as to notice and hearing is necessary to the validity of an

ordinance." 489 S.W.2d at 558 (emphasis added). However, the *Duncanville* opinion conflicted with the long line of authority that only the state can challenge annexation for such procedural irregularities because such irregularities merely result in voidable ordinances. *See Hoffman,* 476 S.W.2d at 846; *Kuhn,* 6 S.W.2d at 91; *Graham,* 2 S.W. at 744–45; *May v. City of McKinney,* 479 S.W.2d 114, 120 (Tex.Civ. App.—Dallas 1972, writ ref'd n.r.e.); *City of Houston v. Harris County Eastex Oaks Water & Sewer Dist.,* 438 S.W.2d 941, 944 (Tex.Civ.App.—Houston [1st Dist.] 1969, writ ref'd n.r.e.); *City of Irving v. Callaway,* 363 S.W.2d 832, 834–35 (Tex.Civ. App.—Dallas 1962, writ ref'd n.r.e.); *Lefler v. City of Dallas,* 177 S.W.2d 231, 233–34 (Tex.Civ.App.—Dallas 1943, no writ).[6] Given that the *Duncanville* opinion did not even cite or discuss the cases regarding the requirements to bring a quo warranto proceeding, it is clear that the court did not intend to overrule these cases. Thus we overrule *Duncanville* to the extent that it allows a private party to challenge annexation without proof that the action is void.[7]

The Texas Constitution confers the power to annex territory on cities and the legislature has provided the scheme to be followed. TEX. CONST. art. XI, § 5; TEX.LOC. GOV'T CODE § 43.021; *City of Irving v. Dallas County Flood Control Dist.,* 383 S.W.2d 571, 575 (Tex.1964). The annexation in the instant case was authorized by color of law, namely the Municipal Annexation Act; thus, any irregularity in annexing the property could only be challenged through a quo warranto proceeding. Therefore, we agree with the holding of the court of appeals that the City prevails because the summary judgment proof shows that the ordinance is not void *ab initio.*

---

6. For cases subsequent to *Duncanville* that continue to follow *Kuhn* and *Hoffman, see City of Houston v. Savely,* 708 S.W.2d 879, 889 (Tex. App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.), *cert. denied,* 482 U.S. 928, 107 S.Ct. 3212, 96 L.Ed.2d 698 (1987); *Larkins v. City of Denison,* 683 S.W.2d 754, 756 (Tex.App.—Dallas 1984, no writ); *City of Nassau Bay v. City of Webster,* 600 S.W.2d 905, 907 (Tex.Civ.App.—Houston [1st Dist.] ), *writ ref'd n.r.e.,* 608 S.W.2d 619 (Tex. 1980); *Knapp v. City of El Paso,* 586 S.W.2d 216,

## CONCLUSION

We uphold the line of authority requiring a party to bring a direct attack in the form of a quo warranto proceeding when challenging annexation, unless the annexation is void. In this case, the trial court and the court of appeals correctly held that the summary judgment facts show that this is a collateral attack on a judgment that is not void. The complaints raised by Alexander were insufficient to support its claim that the City's annexation of Alexander's land was void, because it violated Legislative restrictions.

For the above reasons, we affirm the judgment of the court of appeals.

---

217 (Tex.Civ.App.—El Paso 1979, writ ref'd n.r.e.); *see also Woodruff v. City of Laredo,* 686 S.W.2d 692, 696 (Tex.Civ.App.—San Antonio 1985, writ ref'd n.r.e.).

7. We also disapprove *Universal City v. City of Selma,* 514 S.W.2d 64, 71 (Tex.Civ.App.—Waco 1974, writ ref'd n.r.e.), to the extent that it holds that noncompliance with the notice provisions would render annexation void.