

**NUMBER 13-12-00213-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**CITY OF HARLINGEN, TEXAS,**                                       **Appellant,**

**v.**

**CHARLES E. LEE,**                                                        **Appellee.**

---

**On appeal from the 103rd District Court
of Cameron County, Texas.**

---

**O P I N I O N**

**Before Chief Justice Valdez and Justices Benavides and Perkes
Opinion by Chief Justice Valdez**

By five issues, appellant, the City of Harlingen, appeals from the denial of its plea to the jurisdiction in a suit brought by appellee, Charles Lee. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(7) (West Supp. 2011). We affirm in part and reverse in part.

## I. BACKGROUND

Appellant is a home-rule municipality. *See* TEX. LOC. GOV'T CODE ANN. § 9.001 (West 2008). In his live petition, appellee alleges in relevant part that, on November 19, 2008, appellant, acting through its City Commission, enacted Ordinance Number 08-65, which extended its corporate limits through the annexation of 1,039 acres, consisting of two tracts of land.

Appellee is a qualified voter who resides in the annexed area. On or about May 10, 2010, appellee and others prepared and signed a petition calling for the disannexation of the two tracts of land. The petition was posted in three public places, published in a newspaper of general circulation, and presented to appellant through its City Secretary. On July 22, 2010, appellant, acting through its City Attorney, notified appellee that it would not deannex the land in question.

Subsequently, on October 5, 2011, the City Commission enacted Ordinance Number 11-44, which stated in relevant part, that a majority of qualified voters in the affected area signed a petition calling for disannexation for failure to provide services, that the petition was submitted to the Elective Commission and the City Secretary, and that the City did not disannex the area within 60 days after the date of the receipt of the petition. The ordinance also stated that the land previously annexed by Ordinance Number 08-65 was thereby disannexed. The disannexation became effective December 1, 2011. At that time, appellant ceased providing services to residents in the affected area.

Thereafter, on January 9, 2012, the City Commission enacted Ordinance Number 12-1, which purported to "repeal and rescind" Ordinance Number 11-44, effective immediately. Appellant notified residents in the affected area that the land had

2

been re-annexed and that appellant would begin providing services effective January 31, 2012.

On February 6, 2012, appellee filed his live petition, asserting five claims for declaratory relief. Specifically, appellee seeks the following judicial declarations:

(1) the two tracts of land previously annexed by Ordinance Number 08-65 were disannexed by Ordinance Number 11-44, thus triggering appellant's duty, pursuant to Texas Local Government Code section 43.148, to refund taxes and fees that were collected from, but not spent directly on, this area;

(2) Ordinance Number 12-1 is void because, among other things, appellant does not have the authority to rescind and repeal an ordinance, such as Ordinance Number 11-44, in order to re-annex an area that was properly disannexed;

(3) appellant violated the requirements of section 43.0562(a) and (b) of the Texas Local Government Code, requiring negotiations between the municipality and the property owners of the area proposed for annexation for the provision of services to the area;

(4) appellant violated the requirements of section 43.0564 of the Texas Local Government Code, requiring arbitration between the municipality and the property owners if the parties cannot reach an agreement for the provision of services to the area; and

(5) appellant violated the requirements of section 43.141 of the Texas Local Government Code by (a) failing to comply with a service plan in good faith and (b) failing to disannex the area within 60 days after receiving the petition to disannex the area, thus establishing grounds for disannexation pursuant to section 43.141 of the Texas Local Government Code.

In addition to the foregoing, appellee requests that the trial court enter a final order disannexing the area in question and prohibiting re-annexation for a period of ten years. Appellee also requests temporary and permanent injunctive relief: (1) enjoining appellant from assessing or collecting taxes, fees, or fines for the affected area; and (2) enjoining appellant from exercising dominion and control over the residences and landowners in the affected area by way of police, code enforcement, waste collection, or

3

fire protection. Appellee also seeks to recover reasonable and necessary attorney's fees.

Appellant answered the suit with a general denial. Appellant denies that appellee's petition for disannexation was signed by a majority of qualified voters in the affected area, as alleged by appellee and stated in Ordinance 11-44. In addition, appellant alleges that appellee failed to establish standing. Appellant also alleges sovereign immunity as an affirmative defense.

Thereafter, appellant filed a plea to the jurisdiction, arguing that appellee lacked standing to assert any of the claims set forth in his live petition. Appellant did not attach any affidavit or other evidence to its plea to the jurisdiction. The trial court denied appellant's plea to the jurisdiction, and this appeal ensued.

## II. STANDARD OF REVIEW

A plea to the jurisdiction is a dilatory plea used to defeat a cause of action without regard to whether the claims asserted have merit. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's subject matter jurisdiction. *Id.*; *see Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). Whether a trial court has subject matter jurisdiction is a question of law that we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002).

The plaintiff has the burden to plead facts affirmatively showing that the trial court has jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993); *City of Fort Worth v. Davidsaver*, 320 S.W.3d 467, 473 (Tex. App.—Fort Worth 2010, no pet.). We construe the pleadings liberally in favor of the pleader, look to the

4

pleader's intent, and accept as true the factual allegations in the pleadings. *See Miranda*, 133 S.W.3d at 226, 228; *City of Fort Worth v. Crockett*, 142 S.W.3d 550, 552 (Tex. App.—Fort Worth 2004, pet. denied). If a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do, even those facts which may implicate the merits of the cause of action. *Miranda*, 133 S.W.3d at 227; *Blue*, 34 S.W.3d at 555 (confining evidentiary review to evidence that is relevant to the jurisdictional issue); *see City of Waco v. Kirwan*, 298 S.W.3d 618, 622 (Tex. 2009).

A trial court's review of a plea to the jurisdiction challenging the existence of jurisdictional facts mirrors that of a traditional motion for summary judgment. *Miranda*, 133 S.W.3d at 228; *see* TEX. R. CIV. P. 166a(c). The defendant is required to meet the summary judgment standard of proof for its assertion that the trial court lacks jurisdiction; once the defendant meets its burden, the plaintiff is then required to show that there is a disputed material fact regarding the jurisdictional issue. *Miranda*, 133 S.W.3d at 228. If the evidence creates a fact question regarding jurisdiction, the trial court must deny the plea to the jurisdiction and leave its resolution to the fact finder. *Id.* at 227–28. On the other hand, if the evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Id.* at 228.

### III. STANDING TO SUE

"In Texas, the standing doctrine requires a concrete injury to the plaintiff and a real controversy between the parties that will be resolved by the court." *Heckman v. Williamson County*, 369 S.W.3d 137, 154 (Tex. 2012). Injury is the first element for

5

standing. *Id.* "The plaintiff must be personally injured—he must plead facts demonstrating that he, himself (rather than a third party or the public at large), suffered the injury." *Id.* at 155. The injury "must be concrete and particularized, actual or imminent, not hypothetical." *Id.* "The second element of the standing test requires that the plaintiff's alleged injury be fairly traceable to the defendant's conduct." *Id.* "The third element of standing requires that the plaintiff's alleged injury be likely to be redressed by the requested relief, and the plaintiff must demonstrate standing separately for each form of relief sought." *Id.* (internal citations, quotations omitted). "To satisfy redressability, the plaintiff need not prove to a mathematical certainty that the requested relief will remedy his injury—he must simply establish a substantial likelihood that the requested relief will remedy the alleged injury in fact." *Id.* at 155–56. The standing inquiry "requires careful judicial examination of a complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted." *Id.* at 156.

### IV. DISANNEXATION

In its first issue, appellant argues that appellee has no standing to assert a claim for disannexation under section 43.141 of the Texas Local Government Code. *See* TEX. LOC. GOV'T CODE ANN. § 43.141 (West 2008).

### A. Applicable Law

Section 43.141 of the Texas Local Government Code provides for disannexation because of a municipality's failure to provide services. *See id.* In relevant part, section 43.141 provides as follows:

> A majority of the qualified voters of an annexed area may petition the governing body of the municipality to disannex the area if the municipality fails or refuses to provide services or to cause services to be provided to

6

the area within the period specified by Section 43.056 or by the service plan prepared for the area under that section.

*Id.* § 43.141(a).  The section also provides as follows:

If the governing body fails or refuses to disannex the area within 60 days after the date of the receipt of the petition, any one or more of the signers of the petition may bring a cause of action in a district court of the county in which the area is principally located to request that the area be disannexed.

*Id.* § 43.141(b).

## B. Discussion

As noted above, in his live petition, appellee alleges that he is a qualified voter in the annexed area.  Appellee also alleges that he signed a petition for disannexation based on, among other things, appellant's "failure to comply with a service plan in good faith."  According to appellee's live petition, all statutory requirements for disannexation have been met.  Furthermore, appellant failed or refused to disannex the area within 60 days after the receipt of the petition.  Based on the foregoing allegations, appellee has the right, pursuant to section 43.141(b) of the Texas Local Government Code, to bring a cause of action in district court to request that the area be disannexed.  *See id.* Appellant did not submit any evidence which would create a fact question regarding jurisdiction.  Therefore, we conclude appellee has standing to sue for disannexation because he has alleged a distinct injury, traceable to appellant's conduct, which is likely to be redressed by the requested relief.  *See Heckman*, 369 S.W.3d at 154–56.

Appellant's first issue is overruled.

## V. RE-ANNEXATION

In its second issue, appellant argues that appellee has no standing to challenge re-annexation of the affected area by Ordinance Number 12-1.

7

## A. Applicable Law

"The only proper method for attacking the validity of a city's annexation of territory is by quo warranto proceeding, *unless the annexation is wholly void*." *Alexander Oil Co. v. Seguin*, 825 S.W.2d 434, 436 (Tex. 1991) (emphasis added). "The purpose of a quo warranto proceeding is to question the right of a person or corporation, including a municipality, to exercise a public franchise or office." *Id.* at 436–37. "Through quo warranto proceedings, the State acts to protect itself and the good of the public generally, through the duly chosen agents of the State who have full control of the proceeding." *Id.* at 437 (internal quotations omitted). "Therefore, the State must bring the action to question irregular use of the delegated annexation authority." *Id.*

## B. Discussion

As noted above, this case involves three separate ordinances: (1) Ordinance Number 08-65, annexing the area in question; (2) Ordinance Number 11-44, disannexing the area in question; and (3) Ordinance Number 12-1, repealing and rescinding Ordinance Number 11-44. The parties dispute whether Ordinance Number 12-1 had the legal effect of annexing the affected area for a second time. According to appellee, the area in question was disannexed upon the effective date of Ordinance Number 11-44. *See* TEX. LOC. GOV'T CODE ANN. § 43.142 (West 2008). Once the disannexation became effective, it was final and the area was no longer within appellant's jurisdiction. To re-acquire jurisdiction for purposes of re-annexation, appellant had to begin new annexation proceedings by issuing the notice required by section 43.0561(c). *See* TEX. LOC. GOV'T CODE ANN. § 43.0561(c) (West 2008); *Alexander Oil*, 825 S.W.2d at 438 (holding that municipality's "jurisdiction was activated by giving notice required by statute"). According to appellee, this was never done, and

therefore, any purported re-annexation subsequent to the disannexation is void. *See Alexander Oil*, 825 S.W.2d at 438 (holding that "annexation ordinance was within the power of the municipality to promulgate" "because the City met the minimum notice posting requirements as a matter of law").

Appellant argues that the re-annexation is, at most, voidable and not subject to collateral attack because appellee's complaints pertain to procedural irregularities. We disagree. Although there appears to be no dispute that Ordinance Number 12-1 did not comply with the statutory procedures that must be followed for annexation, the dispute between the parties concerns more than mere procedural irregularities. Appellee complains that appellant cannot exercise its annexation power except through an annexation ordinance. *See id.* (discussing the power of a municipality to promulgate an annexation ordinance). According to appellee, Ordinance Number 12-1 is not an annexation ordinance because it does not purport to annex any land. Appellant, in contrast, argues that Ordinance Number 12-1 is a re-annexation ordinance because it indirectly creates the legal effect of re-annexing the area in question by repealing and rescinding Ordinance Number 11-44.

We note that, in *Alexander Oil*, the Texas Supreme Court placed the burden on the municipality to prove that its annexation ordinance was not void. *Id.* at 437 ("Because this is not a direct attack by quo warranto, the City will be entitled to summary judgment if it can show as a matter of law that the ordinance is not void."). In this case, appellant has not offered any authority to establish that, in addition to its power to annex and power to disannex, it has a third power to re-annex. We have reviewed the relevant provisions of the Texas Local Government Code and the case law interpreting and applying those provisions and have found no authority to establish that

9

appellant has a third and distinct power to re-annex. Accordingly, we decline to recognize re-annexation as a power separate and distinct from annexation.

In sum, the parties dispute whether Ordinance Number 12-1 represents any exercise, whether valid or invalid, of appellant's annexation power. If appellee is correct, any annexation purportedly effectuated by Ordinance Number 12-1 would be void. Accordingly, we conclude that appellee has standing to challenge Ordinance Number 12-1.

Appellant's second issue is overruled.

## VI. ORDINANCE NUMBERS 11-44 AND 12-1

In its third issue, appellant argues that appellee has no standing to challenge the validity of Ordinance Numbers 11-44 and 12-1. We have already concluded that appellee has standing to challenge the validity of Ordinance Number 12-1. Appellee does not challenge the validity of Ordinance Number 11-44. On the contrary, appellee seeks to establish the validity of that ordinance by establishing that Ordinance Number 12-1 is void. The issues are inseparable. Accordingly, for the reasons set forth above, we conclude that appellee has standing to pursue both claims.

Appellant's third issue is overruled.

## VII. REFUND OF TAXES AND FEES

In its fourth issue, appellant argues that appellee has no standing to request relief for third parties. In his live petition, appellee seeks an "[a]ward to the landowners of the area disannexed [of] the amount of money collected by the municipality in property taxes and fees from those landowners during the period that the area was a part of the municipality less the amount of money that the municipality spend for direct benefit of the area during that period." In his appellate brief, appellee does not dispute

10

that he lacks standing to prosecute refund claims on behalf of third parties. Accordingly, the trial court erred in denying appellant's plea to the jurisdiction with respect to refund claims on behalf of third parties.

Appellant's fourth issue is therefore sustained.

## VIII. DECLARATORY RELIEF

In its fifth issue, appellant argues that since appellee has no standing for a declaratory judgment action, he is not entitled to costs or attorney's fees under section 37.009 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 (West S008). We have concluded that appellee has standing to bring the causes of action alleged in his live petition.

Appellant's fifth issue is overruled.

## IX. CONCLUSION

The trial court's order is affirmed in part and reversed in part.

_____
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
28th day of February, 2013.

11