# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00083-CV

**Steve Cokins and Anita Cokins, Individually and on Behalf of the North Brooks Hollow Road Area, Appellants**

**v.**

**City of Lakeway, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT
### NO. D-1-GN-11-003150, HONORABLE TIM SULAK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellants Steve and Anita Cokins, individually and on behalf of the North Brooks Hollow Road Area (collectively the Landowners), appeal from the trial court's dismissal of their suit challenging the validity of appellee City of Lakeway's annexation ordinance for the North Brooks Hollow Road Area (the NBHR Area). The City filed a plea to the jurisdiction, claiming that the pleadings affirmatively negate the Landowners' standing to bring their claims. The trial court granted the City's plea to the jurisdiction and dismissed the Landowners' suit. In three issues on appeal, the Landowners assert that the trial court erred in granting the City's plea to the jurisdiction. We will affirm the trial court's judgment in part, reverse in part, and remand for further proceedings.

**BACKGROUND**

**Statutory scheme for annexation**

"The Texas Constitution confers upon [municipalities] the power to annex land." *City of Rockwall v. Hughes*, 246 S.W.3d 621, 623–24 (Tex. 2008) (citing Tex. Const. art. XI, § 5). The legislature, in turn, prescribes the procedures by which municipalities conduct annexations. *Id.*; *see also* Tex. Loc. Gov't Code § 43.001–.907 (detailing procedures for annexation). We discuss only those annexation procedures that are relevant to our disposition of this appeal.

Generally, a municipality must annex land pursuant to an annexation plan that gives three years' notice of the annexation. *See* Tex. Loc. Gov't Code § 43.052; *City of Rockwall*, 246 S.W.3d at 623–24. However, certain areas are exempt from the requirements of an annexation plan, and municipalities may annex such areas using the abbreviated procedures provided in subchapter 43C-1 of the Local Government Code. *See* Tex. Loc. Gov't Code §§ 43.052(h) (listing areas exempt from annexation plans), .061–.065 (describing 43C-1 procedures for annexing areas exempted from annexation plans). One such exempted area is the so-called "sparsely-populated" area. *See City of Rockwall*, 246 S.W.3d at 624 (citing Tex. Loc. Gov't Code § 43.052(h)(1)). A sparsely-populated area is one with "fewer than 100 separate tracts of land on which one or more residential dwellings are located on each tract." Tex. Loc. Gov't Code § 43.052(h)(1).

Under subchapter 43C-1, a municipality must conduct two public hearings during which persons interested in the annexation may be heard before the municipality initiates annexation procedures. *See id.* §§ 43.062(b), .063. Furthermore, annexations under subchapter 43C-1 "must

2

be completed within 90 days after the date the governing body institutes annexation proceedings or those proceedings are void." *Id.* § 43.064(a).

Separate and apart from the 43C-1 requirements, municipalities are generally prohibited from annexing an area that is less than 1,000 feet wide at its narrowest point. *See id.* § 43.054(a). This minimum size limitation was adopted to avoid the so-called "strip annexation" of narrow tracts of land over long distances. *See id.*; *see also* Robert R. Ashcroft & Barbara Kyle Balfour, *Home Rule Cities and Municipal Annexation in Texas: Recent Trends and Future Prospects*, 15 St. Mary's L.J. 519, 526 (1984) (describing cities' annexation of narrow strips of land prior to restrictions imposed by Municipal Annexation Act of 1963). However, a municipality may annex an area that is less than 1,000 feet wide at its narrowest point if "the boundaries of the municipality are contiguous to the area on at least two sides." Tex. Loc. Gov't Code § 43.054(b)(1).

The City asserts that the NBHR Area is a sparsely-populated area that is contiguous to the City on two sides. Therefore, the City purported to annex the NBHR Area using the abbreviated 43C-1 annexation procedures.

**Landowners' standing to challenge annexation**

If a municipality lacks the power or authority to annex a given area, the attempted annexation of that area is void. *See City of Rockwall*, 246 S.W.3d at 626–27; *Alexander Oil Co. v. City of Seguin*, 825 S.W.2d 434, 438 (Tex. 1991) (listing examples of void annexations). By contrast, if a municipality fails to adhere to the procedural requirements for annexation, the annexation is merely voidable. *City of Rockwall*, 246 S.W.3d at 627. Generally, a private party has

3

standing to challenge an annexation only on the grounds that the annexation is void. *See id.* Therefore, unless the legislature has expressly provided for a private right of action, only the State may challenge an annexation as voidable through the collateral attack of a quo warranto proceeding.[1] *See id.* With these principles in mind, we turn to the City's annexation of the NBHR Area.

**City's annexation of NBHR Area**

In their amended petition, the Landowners assert that the City initiated annexation procedures of the NBHR Area at a June 20, 2011 council meeting. At the June 20 meeting, the City "met to consider, *inter alia*, action on phase 1 of Lakeway's proposed annexation," which included annexation of the NBHR Area. The Landowners assert that the City postponed a vote on the annexation of the NBHR Area and directed "City staff, with input from the representatives of the [NBHR Area], to review and revise . . . City planning and zoning ordinances and the City building code to recognize the uniqueness of the area." According to the Landowners, the City rescheduled a vote for the annexation of the NBHR Area for September 19, 2011.

At the September 19 meeting, the council considered and approved annexation of the NBHR Area. The Landowners assert that the original ordinance approving the annexation stated that it would take effect January 1, 2012. However, on October 24, 2011, the council amended the

---

[1] "Quo warranto proceedings are used by the State to protect itself and the good of the public through agents of the State who control the proceedings." *City of Rockwall v. Hughes*, 246 S.W.3d 621, 627 n.8 (Tex. 2008). The quo warranto proceeding, which has been authorized by statute since 1879, is based on the ancient common-law doctrine of writ of quo warranto, which gave the king an action against a person who claimed or usurped any office, franchise, or liberty to inquire by what authority that person purported to act. *See* Tex. Civ. Prac. & Rem. Code § 66.001; *Bexar Metro. Water Dist. v. City of Bulverde*, 156 S.W.3d 79, 86 (Tex. App.—Austin 2004, pet. denied).

4

ordinance to make the annexation of the NBHR Area immediate, following the requisite publishing requirements. Thus, the putative annexation of the NBHR became final on November 3, 2011.[2]

The Landowners brought this suit challenging the validity of the annexation of the NBHR Area in three respects. First, the Landowners assert that although the City initiated annexation procedures at the June 20 meeting, annexation did not become final until November 3, 2011, and therefore the City failed to complete the annexation within 90 days. *See* Tex. Loc. Gov't Code § 43.064. Second, the Landowners complain that the NBHR Area is less than 1,000 feet wide at its narrowest point and is not contiguous to the City on two sides. *See id.* § 43.054. Third, the Landowners argue that the annexation of the NBHR area did not comply with various procedural requirements of the Local Government Code.[3]

---

[2] The Landowners assert, and we think it reasonable to assume, that the City amended the annexation ordinance to make annexation immediate because it realized that if the annexation did not become effective until January 1, 2012, the annexation would be void because more than 90 days would have passed from the time the council approved annexation at the September 1 meeting. *See* Tex. Loc. Gov. Code § 43.064(a) (requiring annexation to be complete within 90 days of municipality's initiation of annexation procedures).

[3] Specifically, the Landowners asserted below that (1) the City's annexation of multiple sparsely-populated areas was inconsistent with generally accepted municipal planning principles, *see* Tex. Loc. Gov't Code § 43.052(i); (2) the Landowners have a right to compel the City to arbitrate their claims that NBHR Area should be included in a three-year annexation plan, *see id.*; and (3) if the City did initiate annexation procedures at the September 19 meeting, the City failed to conduct two required public hearings regarding the proposed annexation, *see id.* §§ 43.062(b), .063. On appeal, the Landowners acknowledge that binding precedent dictates that they lack standing to complain about these procedural irregularities. *See City of Rockwall v. Hughes*, 246 S.W.3d 621, 626–27 (Tex. 2008) (concluding that complaints regarding circumvention of three-year annexation plan procedures must be brought in quo warranto proceeding); *Alexander Oil Co. v. City of Seguin*, 825 S.W.2d 434, 438 (Tex. 1991). Nevertheless, the Landowners ask that we "express to the Supreme Court a desire for that Court to correct the current erroneous state of the law" so that private parties may challenge procedural defects in annexations.

5

The City filed a plea to the jurisdiction, asserting that the pleadings affirmatively negate the Landowners' standing to bring these claims. Specifically, the City asserts that the pleadings conclusively establishe that it initiated annexation of the NBHR Area at the September 19 meeting—rather than the June 20 meeting—and given that the annexation became effective November 3, the annexation was completed within 90 days. Furthermore, the City claims that although the NBHR Area was less than 1,000 feet wide at its narrowest point, the pleadings conclusively establish that the NBHR Area is contiguous to the City on two sides. Finally, the City asserts that the Landowners' remaining complaints, if true, would only make the annexation voidable, and thus the Landowners lack standing to bring them. *See supra* n.3. The trial court granted the City's plea to the jurisdiction and dismissed the Landowners' suit. This appeal followed.

**STANDARD OF REVIEW**

We review a trial court's ruling on a plea to the jurisdiction de novo. *Bexar Metro. Water Dist. v. City of Bulverde*, 156 S.W.3d 79, 85–86 (Tex. App.—Austin 2004, pet. denied). A plea to the jurisdiction contests the trial court's authority to consider the subject matter of the cause of action. *Id.* (citing *Texas Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999)). In reviewing a plea to the jurisdiction, we take the facts pleaded in the petition as true and determine if the trial court has subject-matter jurisdiction over the claims. *Id.*

"Standing is a prerequisite to subject-matter jurisdiction," and therefore the absence of standing may be raised by a plea to the jurisdiction. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000). In reviewing a private party's standing to challenge an annexation, we decide whether the challenge attacks the municipality's authority to annex the

6

area in question or whether it complains of some violation of statutory procedure. *Alexander Oil Co.*, 825 S.W.2d at 438; *Round Rock Life Connection Church, Inc. v. City of Round Rock*, No. 03-09-00523-CV, 2011 WL 589832, at *1 (Tex. App.—Austin Feb. 18, 2011, pet. denied) (mem. op.). Thus, our review concerns the nature of the party's challenge to the annexation, and we need not consider whether that challenge has merit. *See Bland Indep. Sch. Dist.*, 34 S.W.3d at 553–54; *see also Andrade v. NAACP of Austin*, 345 S.W.3d 1, 7 (Tex. 2011) (noting that threshold inquiry into standing to bring equal-protection claim "in no way depends on the merits of the [voters'] contention that particular conduct is illegal.") (internal quotations omitted).

## DISCUSSION

The parties' arguments primarily concern the merits of the Landowners' first two claims—i.e., whether the annexation of the NBHR Area was completed in 90 days and whether the NBHR Area is contiguous to the City on two sides. The City does not dispute that if it failed to annex the NBHR Area within 90 days of initiating annexation procedures then the annexation is void. *See* Tex. Loc. Gov't Code § 43.064(a). Similarly, the City does not dispute that the NBHR Area is less than 1,000 feet wide at its narrowest point, and therefore if the NBHR Area is not contiguous to the City on at least two sides then the annexation is void. *See id.* § 43.054; *City of Port Isabel v. Pinnell*, 207 S.W.3d 394, 412–13 (Tex. App.—Corpus Christi 2006, no pet.) (concluding annexation was void *ab initio* when violated minimum width requirements established in Tex. Loc. Gov't Code §§ 43.054–.0545). Thus, the City at least implicitly concedes that the Landowners' first two claims challenge the City's authority to annex the NBHR Area, and the City does not assert that these challenges must be brought in a quo warranto proceeding. Rather, the City

7

appears to assert that because the Landowners cannot prevail on the merits of their first two claims, they lack standing to bring those claims.[4]  We disagree.

As the Texas Supreme Court's analysis in *Laidlaw Waste Systems, Inc. v. City of Wilmer* demonstrates, a private party's standing to challenge an annexation is a separate and distinct issue from whether the party can ultimately prevail on the merits of its claim.  *See* 904 S.W.2d 656, 658–59 (Tex. 1995).  In that case, a private party claimed that the city's annexation was "void and invalid" because the annexation exceeded statutory area limitations.  *See id.*  The city filed a motion for summary judgment, asserting that the private party lacked standing to bring his claim and, alternatively, that the undisputed evidence demonstrated that the annexation complied with statutory limitations.  *Id.*

In its analysis, the court noted that the "first question we must resolve is whether [the private party] has standing to challenge the annexation." *Id.* (citing *Alexander Oil Co.*, 825 S.W.2d at 436).  The court held that the party did have standing because his argument "is that the City's attempted annexation is wholly void" because the city annexed more territory than was authorized by statute.  *See id.*  The court then turned to the merits of the party's challenge and concluded that

---

**4**  It appears that the City's plea to the jurisdiction argued that the Landowners lacked standing because "the facts alleged in their pleadings must support their claims."  In other words, the City attacked the merits of the Landowners' claims in order to show that they lacked standing, which is generally improper.  *See Andrade v. NAACP of Austin*, 345 S.W.3d 1, 10 (Tex. 2011) ("It is not necessary to decide whether the voters' claims will, ultimately, entitle them to relief, in order to hold that they have standing to seek it. 'If such impairment does produce a legally cognizable injury, they are among those who have sustained it.'") (quoting *Baker v. Carr*, 369 U.S. 186, 207–08 (1962)); *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554–55 (Tex. 2000) (noting that taxpayer standing and associational standing generally do not implicate merits of claims).  We must assume that the trial court, in granting the plea to the jurisdiction, did so on the sole basis on which the City sought relief—standing.

the city was entitled to summary judgment because, based on a proper construction of the Local Government Code, the party's claims were without merit and the city was entitled to judgment as a matter of law. *Id.*; *see also Andrade* 345 S.W.3d at 7 (noting that citizen's standing to challenge government action does not depend on whether citizen can ultimately prove that action is illegal).

Similarly in this case, whether the Landowners have standing to challenge the NBHR Area's annexation is a separate issue from whether their challenge has merit. The City concedes—and the statutes clearly demonstrate—that if the annexation was not completed within 90 days or the NBHR Area is not contiguous to the City on two sides, then the City lacked authority to annex the NBHR Area and the purported annexation is void. *See* Tex. Loc. Gov't Code §§ 43.054 (prohibiting strip annexation), .064 (stating annexation of areas under 43C-1 procedures which are not completed within 90 days are void); *City of Port Isabel*, 207 S.W.3d at 412–13 (concluding annexation was void *ab initio* when violated minimum width requirements established in Tex. Loc. Gov't Code §§ 43.054–.0545).

The City did not file a motion for summary judgment on the merits of the Landowners' claims, and therefore we express no opinion about the ultimate merits of those claims. However, we conclude that the Landowners have standing to challenge the NBHR Area's annexation as void on the grounds that either (1) the annexation was not completed within 90 days or (2) the NBHR Area is not contiguous to the City on two sides. *See Laidlaw Waste Sys.*, 904 S.W.2d at 658–59. Thus, the trial court erred in granting the City's plea to the jurisdiction with respect to these two challenges, and we reverse that portion of the trial court's judgment dismissing these claims.

The Landowners' remaining complaints concern procedural irregularities in the City's annexation of the NBHR Area. *See supra* n.3. As we have discussed, the Landowners appear to concede that binding precedent dictates that the Landowners lack standing to bring these complaints because the complaints, if true, would render the annexation only voidable, and thus must be brought in a quo warranto proceeding. *See id.*; *see also City of Rockwall*, 246 S.W.3d at 627 n.8. Therefore, we conclude that the trial court did not err in granting the City's plea to the jurisdiction as to the Landowners' procedural complaints, and we affirm that portion of the trial courts' judgment dismissing those claims.

## CONCLUSION

We affirm that part of the trial court's judgment dismissing the Landowners' procedural challenges to the City's ordinance annexing the NBHR Area. Without expressing any opinion regarding the merits of Landowners' claims, we reverse the trial court's judgment dismissing the Landowners' claims that the annexation of the NBHR Area is void and remand to the trial court for further proceedings consistent with this opinion.

_____

Scott K. Field, Justice

Before Chief Justice Jones, Justices Goodwin and Field
   Concurring Opinion by Chief Justice Jones

Affirmed in part; Reversed and Remanded in part

Filed:  July 25, 2013

10